**UNITED STATES of America,**
**Appellee,**

v.

**Freddie APONTE, also known as**
**Flaco, Defendant–Appellant.**

No. 98–1599.

United States Court of Appeals,
Second Circuit.

Argued Nov. 20, 2000.
Decided Dec. 21, 2000.

Robert M. Appleton, Assistant United States Attorney, (Stephen C. Robinson, United States Attorney, on the brief), for Appellee.

Michael G. Paul, New York, NY, for Defendant–Appellant.

Before: OAKES, JACOBS, and PARKER, Circuit Judges.

## PER CURIAM:

Freddie Aponte appeals from a sentence imposed by the United States District Court for the District of Connecticut (Nevas, J.), on his plea of guilty of conspiracy to possess with intent to distribute and to distribute heroin, sentencing him chiefly to 240 months imprisonment.

Aponte was indicted along with others in a case involving the Connecticut chapter of the Almighty Latin King Nation, a gang collectively charged with various crimes involving violence, drug trafficking, and racketeering.

On appeal, Aponte claims that the district court: 1) misclassified his conviction for manslaughter as a crime of violence; 2) erroneously denied a downward departure in recognition of Aponte's diminished capacity and the abuse he suffered as a child; 3) erroneously made upward adjustments for his role in the offense and possession of a firearm; and 4) failed to make proper inquiry into the voluntariness of his plea.

■ 1. To be sentenced as a "career offender" under the United States Sentencing Guidelines § 4B1.1 (as was Aponte), a defendant must have had at least two prior felony convictions for either a crime of violence or a controlled substance offense. Aponte had been convicted of assault in the second degree and manslaughter in the second degree. Aponte challenges the classification of the manslaughter conviction as a crime of violence. According to Aponte's written statement given at the time of his arrest for manslaughter, the incident occurred when Aponte was in the process of moving his sawed-off shotgun. It accidentally discharged and hit his girlfriend in the head, killing her.

Section 4B1.2 defines "crime of violence" to include crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." The Guidelines Application Notes specifically include "manslaughter," as well as the category of crimes that, "by [their] nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2, Application Notes (1). Thus, the plain meaning of the Guidelines supports Aponte's sentence. *See also United States v. Fry,* 51 F.3d 543 (5th Cir.1995) (holding that involuntary manslaughter conviction arising from defendant driving while intoxicated constituted a crime of violence for the purposes of § 4B1.2); *Johnson v. Vomacka,* 2000 WL 1349251 (S.D.N.Y. Sept.20, 2000) (holding that second degree manslaughter · is a "crime of violence" for the purposes of deportation).

■ 2. Aponte sought a downward departure by reason of his diminished capacity and the abuse he suffered as a child. A district court's decision not to depart downward is ordinarily not reviewable, unless the refusal is due to an "erroneous interpretation of law," or an "erroneous view of the extent of its departure authority." *United States v. Labeille–Soto,* 163 F.3d 93, 100 (2d Cir.1998). As the defendant alleges neither, we lack jurisdiction to review the district court's decision, and dismiss this part of the appeal.

3. The Guidelines provide for adjustments for a defendant's role in the offense, under § 3B1.1, and for possession of a firearm, pursuant to § 2D1.1(b)(1). The district court must consider all relevant conduct when determining whether to assess increases under these sections. *See* U.S.S.G. § 1B1.3. The district court's factual findings, with respect to the defendant's relevant conduct, were not clearly erroneous. *See United States v. Shepardson*, 196 F.3d 306, 309 (2d Cir.1999) (holding that a district court's factual findings involved in its application of the Guidelines should not be overturned absent clear error).

4. The record does not support Aponte's claim that the district court made no inquiry into the voluntariness of his plea or his claim that his trial counsel was ineffective for not adequately advising Aponte of his options.

\* \* \*

For the reasons set forth above, the appeal is hereby in part DISMISSED, and insofar as the appeal is not dismissed, the judgment of the district court is AFFIRMED.