UNITED STATES of America,
Appellee,

v.

Aubrey POWELL, a/k/a "David Leroy Brown," a/k/a "Aubrey Oliver Smith–Powell," a/k/a "Aubrey Brown," a/k/a "Charles Fraser," Defendant–Appellant.

No. 01–1139.

United States Court of Appeals,
Second Circuit.

Oct. 10, 2001.

Daniel J. Gotlin, New York, NY, for defendant-appellant.

Marcus A. Asner, Assistant United States Attorney for the Southern District of New York; Mary Jo White, United States Attorney, David Raymond Lewis, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present FEINBERG, CARDAMONE and POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED and the appeal is DISMISSED in part.

Defendant–Appellant appeals from the February 15, 2001, forty-one month sentence imposed on him by Judge Shira A. Scheindlin of the Southern District of New York following his guilty plea to unlawfully

entering and remaining in the United States after a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The judgment was entered on February 28, 2001. For the reasons that follow, we affirm the district court and dismiss the appeal in part.

On September 15, 2000, Powell was arrested for unlawfully entering the country after having been deported subsequent to a conviction for the commission of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The predicate offense constituting the aggravated felony is a conviction in the Southern District of New York for being an illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). Powell committed the predicate offense on July 21, 1994, was convicted on October 28, 1994, and was sentenced on February 22, 1995. That sentence was subsequently amended on March 29, 1995. The INS eventually deported Powell on September 8, 1995.

On November 14, 2000, Powell pleaded guilty to the indictment for the instant offense without a plea agreement before Magistrate Judge Ronald L. Ellis. The court accepted a proposed plea agreement that outlined the sentencing guidelines calculations in place of a Pimentel letter. On February 15, 2001, Judge Scheindlin adopted the findings and range calculation of the PSR and sentenced Powell to forty-one months imprisonment. Powell challenges this sentence on several grounds.

"[W]e review a district court's interpretation and application of the Guidelines *de novo* and its findings of related fact for clear error." *United States v. Zagari*, 111 F.3d 307, 323 (2d Cir.1997) (internal citation omitted). However, "A district court's decision not to depart downward is ordinarily not reviewable, unless the refusal is due to an 'erroneous interpretation of law,' or an 'erroneous view of the extent of its

departure authority.'" *United States v. Aponte*, 235 F.3d 802, 803 (2d Cir.2000) (per curiam) (quoting *United States v. Labeille–Soto*, 163 F.3d 93, 100 (2d Cir. 1998)).

■ Powell argues first that the court erred in applying the sixteen level enhancement for an aggravated felony under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2000), because at the time he committed the predicate offense in 1994, and at the time he was convicted and sentenced for it, in 1994 and 1995, respectively, the offense was not classified as an aggravated felony. Section 2L1.2(b)(1)(A) provides, "If the defendant previously was deported after a criminal conviction . . ., increase as follows . . .:(A) If the conviction was for an aggravated felony, increase by 16 levels." Application Note 1 to § 2L1.2 states, in relevant part, "'Aggravated felony,' is defined at 8 U.S.C. § 1101(a)(43) without regard to the date of conviction of the aggravated felony." Section 1101(a)(43)(E)(ii), in turn, includes § 922(g)(5) among the offenses constituting an aggravated felony. Thus, the district court applied the sixteen level enhancement pursuant to § 2L1.2(b)(1)(A) because § 1101(a)(43) includes Powell's predicate offense among those offenses classified as aggravated felonies. We find no error in this application. *See United States v. Luna–Reynoso*, 258 F.3d 111, 113–16 (2d Cir.2001).

■ Powell next argues that application of the sixteen level enhancement violates the Ex Post Facto Clause because the predicate offense was not classified as an aggravated felony at the time Powell committed it. "The Ex Post Facto Clause is violated when application of an existing sentencing guideline results in greater punishment than would have been imposed under the guideline in effect on the date a crime was completed." *United States v.*

*Tappin,* 205 F.3d 536, 542 (2d Cir.) (internal quotations omitted), *cert. denied,* 531 U.S. 910, 121 S.Ct. 260, 148 L.Ed.2d 189 (2000). The relevant offense, however, is the instant offense of illegal reentry, not the predicate offense of being an illegal alien in possession of a firearm. Illegal reentry is completed for ex post facto purposes "when 'the authorities both discover the illegal alien in the United States, and know, or with the exercise of diligence typical of law enforcement authorities could have discovered, the illegality of his presence.' " *Labeille–Soto,* 163 F.3d at 102 (quoting *United States v. Rivera–Ventura,* 72 F.3d 277, 282 (2d Cir.1995)). The INS received a tip that Powell was within the United States in 1998, and they arrested him in 2000. Thus, because the predicate offense has been clearly classified as an aggravated felony since Amendment 506 in November 1997, the court did not violate the Ex Post Facto Clause in applying the sixteen level enhancement.

██ Powell also argues the application of the sixteen level enhancement is wrong because it violates public policy by employing an overly broad definition of aggravated felony with an unclear societal policy. Section 2L1.2(b)(1)(A), Application Note 1, and § 1101(a)(43) make clear that the increase applies, regardless of the date of commission of the predicate offense, to all offenses classified as aggravated felonies. Powell's argument is without merit.

██ Powell next argues that the district court erred in using the 2000 edition of the Guidelines, which was the edition in effect at the time of the sentencing. "Ordinarily, a court ought to apply the version of the Guidelines in effect at the time of sentencing. If, however, there is an *ex post facto* problem, the version in effect at the time the offense occurred should be used." *Zagari,* 111 F.3d at 323 (internal citations omitted). As discussed above, there is no ex post facto problem. Because the Guideline penalties for illegal reentry are the same under the 1998 and 2000 editions, the possible dates on which Defendant completed the offense, the district court did not err in applying the 2000 edition.

██ Next Powell argues that the district court erred in declining to grant a downward departure, either on the grounds of family circumstances, the minor nature of the aggravated felony, or a combination of these factors, because it was operating under the mistaken belief that it lacked authority to depart. A sentencing court may grant a departure based on family circumstances if the defendant has a unique ability "to maintain existing financial and emotional commitments" of the family. *United States v. Sprei,* 145 F.3d 528, 535 (2d Cir.1998). At the sentencing conference, the district court acknowledged its ability to depart under this test allowed Powell to make the application for departure, and rejected the application based on the facts of Powell's family situation. Specifically, the court noted the defendant's wife's employment, her emotional support, and the presence of several adult children in the family who also contributed to the household. Because the court clearly understood that it had the authority to depart based on family circumstances but simply declined to do so under the particular facts of the case, this Court may not review that decision, and the appeal on this ground is dismissed. *See Aponte,* 235 F.3d at 803; *United States v. Tenzer,* 213 F.3d 34, 42 (2d Cir.2000).

Finally, Powell argues that the district court did not understand its authority to depart for atypical circumstances under *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), on the grounds that the sixteen level enhancement overstated the seriousness of his aggravated felony, or based on a combination

of factors. Reference to the sentencing minutes shows that Powell is wrong. The district court specifically considered a departure for the minor nature of the aggravated felony on the theory that Powell's unusual circumstances could distinguish his case from the heartland of cases considered by the Sentencing Commission. The court ultimately found that Powell's case was not atypical, that Congress knowingly grouped all of the described offenses together in one category, and the court declined to depart. Furthermore, the court considered and rejected a departure based on a combination of factors. Because the district court understood its authority to depart and declined to do so, this Court may not review the decision not to depart.

 Furthermore, Application Note 5 to § 2L1.2 specifically addresses departures based on the seriousness of the aggravated felony and allows departures if three conditions are met: "(A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year . . . ." The Second Circuit has specifically rejected departures under this section unless all three conditions are met. *See Tappin*, 205 F.3d at 540–41. Because Powell's prior offense is for being an illegal alien in possession of a firearm, he does not meet the second condition and is not eligible for departure under this theory either.

For the above reasons, we AFFIRM the rulings of the district court and DISMISS the appeal in part.