**UNITED STATES of America,
Appellee,**

v.

**Maurice BRUNET, Defendant–
Appellant.**

**Docket No. 01–1090.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 18, 2001.

Decided Dec. 20, 2001.

Justin S. Weddle, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney for the Southern District of New York, David Raymond Lewis, Assistant United States Attorney, on the brief), for Appellee.

Martin J. Siegel, New York, NY, for Defendant–Appellant.

Before: OAKES, JACOBS, Circuit Judges, LYNCH, District Judge.*

PER CURIAM.

Maurice Brunet appeals from the 46–month sentence of imprisonment imposed by the United States District Court for the Southern District of New York (Kram, J.), and entered on February 12, 2001, following his plea of guilty (pursuant to a plea agreement) to illegal possession of two machine guns, a short-barreled rifle, and at least one destructive device, in violation of 26 U.S.C. § 5861(d). On appeal, Brunet challenges: (1) the district court's initial guidelines determination; (2) the district court's decision not to depart downward based on the allegedly aberrant nature of Brunet's conduct and his mental condition; (3) the district's court decision to depart upward one level (pursuant to Application

---

* The Honorable Gerard E. Lynch of the United States District Court for the Southern District of New York, sitting by designation.

Note 16(2) of U.S.S.G. § 2K2.1) because the offense "involved multiple National Firearms Act weapons"; and (4) the district court's decision to depart upward two levels (pursuant to Application Note 16(4) of U.S.S.G. § 2K2.1) because the offense "posed a substantial risk of death or bodily injury to multiple individuals."

As to the first two issues, we hold that: (1) the district court's guidelines determination was correct under U.S.S.G. § 2K2.1; and (2) because the district court explicitly recognized its ability to depart downward, its election not to do so is not reviewable. *See United States v. Aponte,* 235 F.3d 802, 803 (2d Cir.2000) ("A district court's decision not to depart is ordinarily not reviewable, unless the refusal is due to an erroneous interpretation of the law or an erroneous view of the extent of its departure authority.") (internal quotation marks omitted).

As to the latter two issues, we affirm the district court's upward departures under Application Notes 16(2) and 16(4) of U.S.S.G. § 2K2.1 for the reasons stated in its published opinion. *United States v. Brunet,* 2001 WL 135759 (S.D.N.Y.2001).