**UNITED STATES of America,**
**Appellee,**

v.

**John RAMIREZ, Defendant–Appellant.**

**Docket No. 00–1509.**

United States Court of Appeals,
Second Circuit.

April 23, 2003.

B. Alan Seidler, Nyack, NY, for Appellant.

Emily Berger, Assistant United States Attorney, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, and Susan Corkery, Assistant United States Attorney, on the brief), for Appellee.

Present: KEARSE, JACOBS, and CABRANES, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the appeal be **DISMISSED.**

Defendant-appellant John Ramirez appeals from a judgment entered in the United States District Court for the Eastern District of New York (Ross, *J.*) on June 28, 2000, convicting him, upon his guilty plea, of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841 & 846, and sentencing him to 121 months in prison. On appeal,

Ramirez argues solely that the district court abused its discretion by declining to grant him a downward departure based on extraordinary family circumstances. We dismiss the appeal.

■ First, the plea agreement provided that Ramirez "will not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence within or below the range of imprisonment [of 121–151 months]." (Plea Agreement, dated June 1999, at ¶¶ 2 & 4.) The district court sentenced him to 121 months in prison. "[O]nce a sentence is imposed that conforms to the parameters of a plea agreement entered into knowingly and voluntarily, the agreement is enforceable[.]" *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir.1995); *see also United States v. Salcido–Contreras*, 990 F.2d 51, 53 (2d Cir.1993) (per curiam); *United States v. Rivera*, 971 F.2d 876, 896 (2d Cir.1992). The sentencing transcript demonstrates that Ramirez entered into the agreement knowingly and voluntarily, (Plea Hearing Tr., dated June 29, 1999, at 9–15), and Ramirez does not contend otherwise on appeal.

■ Second, "[a] district court's decision not to depart downward is ordinarily not reviewable, unless the refusal is due to an 'erroneous interpretation of law,' or an 'erroneous view of the extent of its departure authority.'" *United States v. Aponte*, 235 F.3d 802, 803 (2d Cir.2000) (per curiam) (quoting *United States v. Labeille–Soto*, 163 F.3d 93, 100 (2d Cir.1998)); *see also United States v. Brunet*, 275 F.3d 215, 216 (2d Cir.2001) (per curiam). There is a "strong presumption that a district judge is aware of the assertedly relevant grounds for departure," and "[t]his presumption is overcome only in the rare situation where the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehend-

ed the scope of his departure authority." *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996) (per curiam).

We see no evidence that the district court misapprehended its powers. Ramirez sought a departure on the grounds that his father died when he was a teenager, that he has provided financial support to his widowed mother, that his sister has been institutionalized with mental illness, and that Ramirez himself suffers from claustrophobia, hyperactivity, and gastritis. As to these asserted grounds, the district court ruled that, "although all of them are certainly a basis for departure, I don't think that the circumstances in Mr. Ramirez'[s] case are such that they would appropriately be applied here." (Sentencing Tr., dated June 22, 2000, at 13.) Ramirez argues that the district court thereby abused its discretion, but this decision is not reviewable.

For the reasons set forth above, the appeal is hereby **DISMISSED**.