**UNITED STATES of America,
Appellee,**

v.

**George AGYEMAN, Defendant–
Appellant,**

Felix Adjei, Edward Boakye, Peter Yeboah, Kwasi Kyeame, George A. Osei–Kwame, Greg Goldenberg, Carlton Stewart, Benjamin Addo, Kwasi Baah, James Alexander Lynn Aitee, Kwaben Ahamed, Kwasi Boateng, Andrew Anyimah, Sam Clemente, Toudjani Moumani, Defendants.

Docket No. 01–1658.

United States Court of Appeals, Second Circuit.

April 23, 2003.

B. Alan Seidler, Nyack, NY, for Appellant.

Daniel S. Ruzumna, Assistant United States Attorney, New York, N.Y. (James B. Comey, United States Attorney, and Christine H. Chung, Assistant United States Attorney, on the brief), for Appellee.

Present: JACOBS, STRAUB, Circuit Judges, and CARMAN, Chief Judge.[1]

1. Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the appeal be **DISMISSED IN PART** and, insofar as the appeal not be dismissed, the judgment of the district court be **AFFIRMED.**

Defendant-appellant George Agyeman appeals from a judgment entered in the United States District Court for the Southern District of New York (Chin, *J.*) on December 12, 2001, convicting him, after his guilty plea, of conspiring to transport and possess stolen motor vehicles, transporting stolen motor vehicles, and possessing stolen motor vehicles in violation of 18 U.S.C. §§ 371, 2312, and 2313, and sentencing him principally to 38 months in prison. On appeal, Agyeman argues that the district court erred at sentencing by (1) adding four offense levels for his role as an organizer or leader of the conspiracy, and (2) denying his motion for a downward departure based on family circumstances and other factors.

1. *Role in the Offense:* Section 3B1.1(a) of the Sentencing Guidelines requires a four-level increase "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). "Facts in connection with sentencing must be established by a preponderance of the evidence." *United States v. Tracy*, 12 F.3d 1186, 1202 (2d Cir.1993). " 'The sentencing court's findings as to the defendant's role in the offense will be overturned only if they are clearly erroneous.' " *United States v. Szur*, 289 F.3d 200, 218 (2d Cir.2002) (quoting *United States v. Zichettello*, 208 F.3d 72, 107 (2d Cir.2000)); *see also United States v. Farah*, 991 F.2d 1065, 1068 (2d Cir.1993).

We see no clear error. First, Judge Chin properly relied on his own knowledge of the extensive record in the trial of Agyeman's co-defendants, at which he presided. (Sentencing Tr., dated Dec. 6, 2001, at 2, 27–28.) "The sentencing court's discretion is 'largely unlimited either as to the kind of information he may consider, or the source from which it may come.' " *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir.1989) (citations omitted). Specifically, a judge may rely on facts adduced in other proceedings, " 'so long as the defendant ha[s] an opportunity to respond in order that the court not rely on misinformation.' " *United States v. Sisti*, 91 F.3d 305, 312 (2d Cir.1996) (alteration in original) (quoting *United States v. Concepcion*, 983 F.2d 369, 387–88 (2d Cir.1992)); *see also Tracy*, 12 F.3d at 1203; *Carmona*, 873 F.2d at 574. The trial transcript was available from the district clerk's office, and the government provided a portion of it prior to the *Fatico* hearing. *See United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978). Defense counsel cross-examined the witness who testified at the hearing. (Sentencing Tr. at 4–20.) The district court also gave defense counsel an opportunity to introduce any additional evidence. (*Id.* at 22.)

Second, the district court was entitled to credit the testimony of the government's witness at the *Fatico* hearing, who had also testified at the trial of Agyeman's co-defendants. (*Id.* at 2, 27.) *See United States v. Duverge Perez*, 295 F.3d 249, 255 (2d Cir.2002); *United States v. Conde*, 178 F.3d 616, 620 (2d Cir.1999); *cf.* 18 U.S.C. § 3742(e) ("The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses.").

■ Finally, the information before the district court supported the findings that Agyeman "was an organizer and leader of the conspiracy" and "that the conspiracy involved more than five participants."

(Sentencing Tr. at 27.) A police informant, who owned the shipping concern Agyeman used to transport stolen motor vehicles, testified that Agyeman came to his office more than 100 times, far more than any other conspirator. (*Id.* at 6.) The informant testified that he thought Agyeman was the leader, that other conspirators acted on Agyeman's behalf, and that Agyeman did most of the talking when several of them came together. (*Id.* at 7, 13–14, 19–20.) His testimony, along with police surveillance photographs, supported the conclusion that Agyeman worked with at least five other individuals. (*Id.* at 11, 22.) The evidence of Agyeman's role in shipping and sales was sufficient to support the conclusion that he acted as a leader of the conspiracy, even without connecting him to the motor vehicle thefts (though there was sufficient evidence he played a leadership role in that regard as well).

2. *Downward Departure:* "A district court's decision not to depart downward is ordinarily not reviewable, unless the refusal is due to an 'erroneous interpretation of law,' or an 'erroneous view of the extent of its departure authority.'" *United States v. Aponte,* 235 F.3d 802, 803 (2d Cir.2000) (per curiam) (quoting *United States v. Labeille–Soto,* 163 F.3d 93, 100 (2d Cir. 1998)); *see also United States v. Brunet,* 275 F.3d 215, 216 (2d Cir.2001) (per curiam). There is a "strong presumption that a district judge is aware of the assertedly relevant grounds for departure," and "[t]his presumption is overcome only in the rare situation where the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996).

 We see no evidence that the district court misapprehended its powers.

Agyeman sought a departure based on his personal history, mental and physical health, and family circumstances, pursuant to U.S.S.G. §§ 5H1.3, 5H1.4, and 5H1.6. Judge Chin declined to depart downward for Agyeman's health because "[t]here's simply nothing extraordinary about his medical condition." (Sentencing Tr. at 36.) He declined to depart downward for Agyeman's family circumstances because "[t]here's nothing even to suggest that [he] is supporting his child who is living in Ghana." (*Id.* at 36–37.) Judge Chin declined even to consider the fact that Agyeman had lost both of his parents at a young age (*id.* at 35–36), relying properly on U.S.S.G. § 5H1.12 for the proposition that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range." U.S.S.G. § 5H1.12.

In the final analysis, Judge Chin recognized the scope of his authority and declined to depart downward because "this doesn't come close to the circumstances that are usually required for such a downward departure." (Sentencing Tr. at 37.) This decision is not reviewable.

For the reasons set forth above, the appeal is hereby **DISMISSED IN PART** and, insofar as the appeal is not dismissed, the judgment of the district court is hereby **AFFIRMED.**