UNITED STATES of America,
Appellee,

v.

Luis TAPASCO, Defendant,

Esperanza Tabares, Defendant–
Appellant.

No. 02–1459.

United States Court of Appeals,
Second Circuit.

May 29, 2003.

Christopher J. Clark, Assistant U.S. Attorney (James B. Comey, U.S. Attorney, on the brief; Gary Stein, Assistant U.S. Attorney, of counsel), Southern District of New York, NY, NY, for Appellee.

Jonathan Svetkey, Watters & Svetkey, LLP, NY, NY, for Defendant–Appellant.

PRESENT: STRAUB, B.D. PARKER, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 29th day of May, two thousand three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HERE-

BY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

˙Defendant–Appellant Esperanza Tabares appeals from the July 31, 2002 judgment of the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge* ) sentencing Tabares–following her guilty plea to one count of conspiracy to possess with intent to distribute cocaine and one count of possession with intent to distribute the same–to a concurrent prison term of 108 months, a concurrent supervised release term of three years, and a total special assessment of $200.

Tabares raises two challenges to her sentence. First, she argues that the District Court erred by declining to grant a reduction in offense level pursuant to U.S.S.G. § 3B1.2(b), which calls for such a reduction if a defendant was a "minor participant" in the crime. Adjustments under § 3B1.2(b) are appropriate only for a defendant who is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2(b) app. n. 3(A). The District Court determined at sentencing that Tabares' role in the offense was not minor, and we find no clear error in that determination as Tabares herself (a) searched for and obtained the house in which the cocaine at issue was stored, (b) watched over the house while the drugs were stored there, and (c) located a buyer for some of the cocaine.

Tabares also challenges the District Court's denial of her motion for a downward departure pursuant to U.S.S.G. § 5K2.20, which permits such a departure "if the defendant's criminal conduct constituted aberrant behavior." However, because Tabares fails to show on appeal that the District Court misapplied the Guidelines or misapprehended the scope of its departure authority, the District Court's denial is not subject to review. *See United States v. Aponte*, 235 F.3d 802, 803 (2d Cir.2000).

Accordingly, the judgment of the District Court is hereby **AFFIRMED.**