**UNITED STATES OF AMERICA,**
Appellee,

v.

**Carlos ZAPATA, a/k/a Caliche, Mario Ruiz Granados, a/k/a Mario Ollo, a/k/a Alvaro, a/k/a Mario Granados–Ruiz, a/k/a Tuki, David Baez, a/k/a Matias,**

a/k/a Jesus Pena, a/k/a Carlos, a/k/a Caliche, a/k/a Perez, a/k/a Fernando, Eddy Cespedes, Ceferino Santos, a/k/a El Viejo, William Jorge Garcia Santa, Clemente B. Jorge, Raphael Ernesto Polanco, Anthony Sanchez, Mario London–Tabarez, a/k/a Sobrino, Defendants,

Teodoro MINIER, a/k/a Tito,
Defendant–Appellant.

No. 02–1349.

United States Court of Appeals,
Second Circuit.

July 22, 2003.

B. Alan Seidler, Nyack, NY, for Appellant.

Andrew L. Fish, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Andrew J. Ceresney, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Appellant Teodoro Minier appeals from his judgement of conviction, following a guilty plea, of conspiring to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Judge Batts sentenced Minier to 108 months' imprisonment to be followed by a five-year term of supervised release. We affirm.

Minier argues on appeal that the district court erred by declining to grant his requests for downward departure. Minier urged the district court to depart downward based on (1) his assistance to the DEA as a paid informant; (2) his extraordinary family circumstances; and (3) "extraordinary acceptance of responsibility." The district court denied these requests, finding "no merit to the arguments put forth by defense counsel for downward departure in this case on any individual basis or combination of bases pursuant to Section 5K2.0 of the sentencing guidelines."

On appeal, Minier acknowledges that "a district court's decision not to depart downward is ordinarily not reviewable, unless the refusal is due to an erroneous interpretation of law or an erroneous view of the extent of its departure authority." *United States v. Aponte*, 235 F.3d 802, 803 (2d Cir.2000) (internal quotation marks and citations omitted). In this case, it is evident that Judge Batts knew of her authority to grant a downward departure but, in a proper exercise of her discretion, determined that no downward departures were warranted. Accordingly, that decision is unreviewable under well established circuit precedent.

We have considered appellant's other arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.