### UNITED STATES of America, Appellee,

v.

**Rafael CIRINEO, aka "Nano", Efrain Nicolas Cirineo, aka "Colas", Norman Alan Sheppard, Franklin Lama, Jose Nicolas Infante, aka "Nico", Melvin Linval, Francisco Espinal, aka "William", Eddie Gomez, aka "Iguana", Denise Mitchell, Andres Estevez, Defendants,**

### Luis Geraldo DIAZ–BURGOS, aka "Rafalito", Defendant– Appellant.

### Docket No. 02–1583.

United States Court of Appeals, Second Circuit.

Sept. 15, 2003.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Defendant–Appellant.

James B. Comey, United States Attorney for the Southern District of New York (Mylan L. Denerstein, Assistant United States Attorney, Meir Feder, Assistant United States Attorney, of counsel), for Appellee.

PRESENT: CARDAMONE, JACOBS, and POOLER, Circuit Judges.

### *SUMMARY ORDER*

Luis Geraldo Diaz–Burgos appeals from a judgment entered in the United States District Court for the Southern District of New York (Casey, J.). Diaz–Burgos pleaded guilty to conspiring to distribute and possess with the intent to distribute 5

kilograms and more of cocaine and 50 grams and more of crack cocaine. The district court sentenced Diaz–Burgos to a term of 240 months imprisonment and five years supervised release and imposed a mandatory $100 special assessment. We affirm for the following reasons.

1. A district court's refusal to depart downwards from the sentencing guidelines is not reviewable unless it "is due to an erroneous interpretation of law, or an erroneous view of the extent of its departure authority." *United States v. Aponte*, 235 F.3d 802, 803 (2d Cir.2000) (internal quotation marks omitted). The district court acknowledged its authority to depart if extraordinary conditions of confinement justified departure and if Diaz–Burgos' criminal history category overrepresented the likelihood he would commit further crimes, but declined to depart on those bases.

2. Diaz–Burgos failed to request at sentencing a downward departure based on a combination of circumstances. "[I]ssues not raised in the trial court, including sentencing issues, will be deemed waived on appeal in the absence of '[p]lain errors or defects affecting substantial rights.'" *United States v. Keppler*, 2 F.3d 21, 23 (2d Cir.1993) (citation omitted). We see no plain error here.