UNITED STATES of America,
Appellee,

v.

Fuat YILDIZ, also known as Frankie,
also known as Frank Lnu,
Defendant–Appellant.

No. 02–1572.

United States Court of Appeals,
Second Circuit.

Jan. 8, 2004.

Michael A. Levy, Assistant United States Attorney (Michael G. McGovern & James G. Cavoli, Assistant United States Attorneys) for James B. Comey, United States Attorney for the Southern District of New York, for Appellee, of counsel.

Robert Y. Lewis, Freeman & Lewis LLP, New York, New York, for Defendant–Appellant.

Present: OAKES, NEWMAN, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant Fuat Yildiz appeals his judgment of conviction and sentence for violating the Hobbs Act, 18 U.S.C. § 1951 (1994), following a jury trial. We address one of Yildiz's arguments on appeal in a contemporaneous published opinion and reject his other four assignments of error in this summary order.

■ Full familiarity with the evidence adduced at trial and the district court's rulings is here assumed. Yildiz first argues that the district court erred in admitting portions of the plea allocutions of two of his co-defendants, Alexander Tsalevich and Dimitry Alexandrovich Tereshonok, because they were not unavailable under Federal Rule of Evidence 804(a)(1), and because those portions were not sufficiently trustworthy to satisfy Yildiz's Sixth

Amendment right to confront witnesses, *see Lilly v. Virginia*, 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). We review this, and the balance of the district court's evidentiary rulings, for abuse of discretion. *United States v. Jones*, 299 F.3d 103, 112 (2d Cir.2002). It is true, as a rule of thumb, that sentenced co-defendants are generally not subject to further incrimination with respect to the crime for which they are serving their sentence and thus cannot invoke the Fifth Amendment. *See Mitchell v. United States*, 526 U.S. 314, 326, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999); *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir.2000). Those co-defendants, therefore, are not unavailable within the meaning of Rule 804, and their plea allocutions are inadmissible hearsay. Notwithstanding that, however, where even a sentenced co-defendant "reasonably believes that his testimony could 'furnish a link in the chain of evidence needed to prosecute' him for a crime," *Estate of Fisher v. Commissioner*, 905 F.2d 645, 648 (2d Cir.1990) (quoting *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)), he may properly invoke the Fifth Amendment. *See United States v. Lumpkin*, 192 F.3d 280, 285–86 (2d Cir. 1999); *United States v. Bahadar*, 954 F.2d 821, 824–25 (2d Cir.1992); *see also United States v. Smith*, 245 F.3d 538, 543 (6th Cir.2001); *United States v. Albert*, 773 F.2d 386, 389 (1st Cir.1985). The actual likelihood of prosecution is irrelevant to determining whether the witness may invoke the privilege. *See Fisher*, 905 F.2d at 649–50; *United States v. Edgerton*, 734 F.2d 913, 921 (2d Cir.1984). We believe the record established by the government without objection by the defendant reveals a reasonable basis for concluding that Tsalevich and Tereshonok might have revealed information on the stand that would have supported prosecutions for perjury or other federal crimes.

■ This conclusion does not suggest that the limited portions of Tsalevich and Tereshonok's allocutions that were admitted – the actual pleas of "guilty" to the conspiracy charges – were not trustworthy. We have repeatedly found that guilty plea allocutions contain "particularized guarantees of trustworthiness" sufficient to satisfy the Sixth Amendment. *See United States v. Petrillo*, 237 F.3d 119, 122 (2d Cir.2000) (internal quotation marks omitted); *see also United States v. Moskowitz*, 215 F.3d 265, 268–69 (2d Cir.2000) (per curiam); *United States v. Gallego*, 191 F.3d 156, 166–68 (2d Cir.1999). Tsalevich and Tereshonok's statements under oath that they were guilty of the charged conspiracy, which exposed each of them to imprisonment for more than a year under the Sentencing Guidelines, and which the district court followed with a limiting instruction, complied with those precedents. *See also United States v. Scopo*, 861 F.2d 339, 348 (2d Cir.1988) (holding that a guilty plea was a statement against penal interest even where the defendant served no prison time as a result). Moreover, we do not perceive a basis for thinking that Tsalevich and Tereshonok perjured themselves when they admitted guilt merely because the district court sustained a blanket invocation of the Fifth Amendment to questions about their allocutions. The record makes clear that the district court thought that answering even those questions might result in a waiver of the privilege as to more incriminating questions. *See* Tr. at 32–33 (Jan. 8, 2001) ("I don't think the fact that on the advice of counsel Mr. Tereshonok declined to answer your [questions concerning his] plea allocution, so to speak, renders his plea in any way invalid."). Tsalevich and Tereshonok did not impugn the truthfulness of their pleas by invoking the Fifth Amendment.

■ Nor did the district court err in excluding that portion of Tsalevich's allocution that Yildiz argues was exculpatory. Under this Circuit's binding precedents, Federal Rule of Evidence 106 "does not compel admission of otherwise inadmissible hearsay evidence." *United States Football League v. Nat'l Football League,* 842 F.2d 1335, 1375–76 (2d Cir.1988); *see also United States v. Guevara,* 277 F.3d 111, 127 (2d Cir.2001); *United States v. Terry,* 702 F.2d 299, 314 (2d Cir.1983). Since Tsalevich's statement that he "didn't discuss" the robbery with Yildiz "did not in any way inculpate [Tsalevich] or expose him to criminal liability" beyond his previous statement that he was guilty, it was not a statement against his interest admissible pursuant to either Rule 804(b)(3) or the residual hearsay exception of Rule 807. *United States v. Jackson,* 335 F.3d 170, 179 (2d Cir.2003).

■ As to the admission of Yildiz's statements as relayed through an out-of-court translator to the witness Alexander Spitchenko, Yildiz has failed to identify any motive for the translator to mislead or any other reason not to trust the translation. In light of the evidence corroborating the translation, we see no abuse of discretion. *See United States v. Lopez,* 937 F.2d 716, 724 (2d Cir.1991); *United States v. Koskerides,* 877 F.2d 1129, 1135 (2d Cir.1989); *United States v. Da Silva,* 725 F.2d 828, 831–32 (2d Cir.1983); *United States v. Santana,* 503 F.2d 710, 717 (2d Cir.1974).

■ Finally, Yildiz argues that the district court "committed a legal error in deciding not to consider whether to downwardly depart based on the combination of factors presented to it by [his counsel]." We disagree. At the beginning of oral argument the district court indicated that it construed the departure motion "not so much as a motion for seven separate departures but a motion for departure based on a number of grounds added together" (to which counsel agreed), and, after evaluating the grounds, the court concluded, "I really don't find an honest basis for departing downwardly on the grounds advanced very artfully and very carefully by Mr. Lewis." The fact that the district court evaluated each factor individually is to its credit, and it does not in any way support the inference that the district court's refusal to depart was "due to an erroneous interpretation of law, or an erroneous view of the extent of its departure authority." *United States v. Aponte,* 235 F.3d 802, 803 (2d Cir.2000) (per curiam) (internal quotation marks omitted).

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.