**UNITED STATES of America,**
**Appellee,**

v.

**Tony ROBERTS, Defendant–Appellant.**

**No. 04–0267.**

United States Court of Appeals,
Second Circuit.

Sept. 9, 2004.

---

**34**

James Roth, Hurwitz, Stampur & Roth, New York, NY, for Appellant.

Harry Sandick, Assistant United States Attorney, New York, N.Y. (Deborah Landis, Assistant United States Attorney, on the brief), for Appellee, of counsel.

PRESENT: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

Tony Roberts appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Lynch, *J.*), after a jury convicted him as a felon in possession of a firearm. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

On appeal, this court must "review *de novo* the legal issues presented by a motion to suppress," and "accept the district court's factual findings unless clearly erroneous, [viewing] those facts in the light most favorable to the government." *United States v. Casado*, 303 F.3d 440, 443 (2d Cir.2002); *see also United States v. Peterson*, 100 F.3d 7, 11 (2d Cir.1996). The district court's factual conclusions are sufficiently supported by the record. Substantially for the reasons stated by the district court, Roberts' motion to suppress was properly denied.

As to the *Allen* charge, Roberts' counsel did not object to the wording or timing of the district court's instructions to the jury. Absent plain error, of which there is none, Roberts cannot raise the issue for the first time on appeal. *See United States v. Pastore*, 537 F.2d 675, 678 (2d Cir.1976).

Finally, we dismiss for lack of jurisdiction the portion of Roberts' appeal claiming that the district court erred in refusing to grant him a downward departure under the sentencing guidelines. "[A] district court's refusal to depart downwardly is not appealable unless the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence." *United States v. Haynes*, 985 F.2d 65, 68 (2d Cir.1993); *accord United States v. Aponte*, 235 F.3d 802, 803 (2d Cir.2000) (per curiam). Roberts' appeal presents none of these issues.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part, and the appeal in remaining part is DISMISSED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, and *United States v. Fanfan*, No. 04–105 (to be argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider the waiver or substance of any issue concerning defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.