UNITED STATES of America,
Appellee,

v.

Fabian GARCIA–SALAZAR,
Defendant–Appellant.

No. 03–1732.

United States Court of Appeals,
Second Circuit.

Oct. 26, 2004.

Glenn A. Garber, New York, NY, for Defendant–Appellant.

Danya Perry, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: McLAUGHLIN, POOLER, and WESLEY, Circuit Judges.

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's order be **AFFIRMED.**

Defendant–Appellant Fabian Garcia–Salazar appeals from a judgment of the district court denying him a downward departure under U.S.S.G. § 5K2.0 and granting a two-point sentencing enhancement under U.S.S.G. § 4A1.1(d). We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues and hold as follows.

This court is generally barred from reviewing a district court's discretionary decision not to grant a downward departure from the United States Sentencing Guidelines. *United States v. Sharpsteen,* 913 F.2d 59, 62 (2d Cir.1990). The only exception to this occurs when the district court's refusal to downwardly depart "is due to an erroneous interpretation of law, or an erroneous view of the extent of its departure authority." *United States v. Aponte,* 235 F.3d 802, 803 (2d Cir.2000) (internal quotations and citations omitted). After examining the record, we conclude that the district court did not have an erroneous view of the law or of its departure authority. Therefore, the district court's refusal to downwardly depart is not reviewable on appeal.

There is no reason for this court to address the issue of whether the two-point enhancement under U.S.S.G. § 4A1.1(d) was proper in this case. "[G]uideline disputes may be left unresolved where the same sentence would have been imposed under either of two overlapping guideline ranges." *United States v. Bermingham,* 855 F.2d 925, 932 (2d Cir.1988). There may be situations, however, when the sentencing judge "determines that the appropriate sentence is whatever number of months are at or near the bottom of the applicable guideline range." *Id.* at 935. In these situations, this court must determine the appropriate guideline range on

appeal. *Id.* After examining the record, we are satisfied that the district court would have imposed the same sentence under either of the guideline ranges urged by the parties.

We therefore affirm the judgment of the district court.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider the waiver or substance of any issue concerning defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*