■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGINIA L. ADAMS, Appellant. [721 NYS2d 291] —Cardona, P. J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered November 23, 1999, which revoked defendant's probation and imposed a sentence of imprisonment.

Following defendant's conviction in June 1998 of criminal possession of a forged instrument in the second degree, she was sentenced to, *inter alia*, five years' probation. Thereafter, in September 1999, after defendant pleaded guilty to two counts of disorderly conduct, a violation of probation report was filed alleging that defendant had violated several terms and conditions of her probation, including, *inter alia*, that she attend counseling, report to her probation officer and obey the law. Upon pleading guilty to the violations, defendant's probation was revoked and she was sentenced to an agreed-upon indeterminate prison term of 2 to 6 years, prompting this appeal.

Initially, we are unpersuaded that County Court erred when it found defendant ineligible for sentencing pursuant to CPL 410.91, which provides the sentencing option of parole supervision for a defendant with a history of controlled substance abuse dependence. Pursuant to the specific requirements of CPL 410.91 (2), an eligible defendant must be a second felony offender meeting certain conditions. Notably, defendant's only prior felony conviction was vacated and replaced by a youthful offender adjudication (*see*, CPL 720.20), which "is not a judg-

ment of conviction for a crime or any other offense" (CPL 720.35 [1]). Accordingly, in the absence of a predicate felony conviction, defendant is not a second felony offender (*see*, Penal Law § 70.06 [1]) and thus not an eligible defendant under the express language of CPL 410.91.

We further conclude that defendant's sentence was not harsh and excessive. Although defendant contends that a more lenient sentence would allow her to pursue substance abuse treatment, she received a substantial measure of leniency when the original sentence of probation was imposed and concededly violated the condition which required her to comply with the recommendations of a family counseling service regarding alcohol/substance abuse treatment. Under the circumstances, we find no reason to disturb the sentence imposed by County Court (*see*, *People v Wilson*, 219 AD2d 758, *lv denied* 86 NY2d 875).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.