**UNITED STATES of America,**
**Appellee,**

v.

**Santiago VALDOVINOS–SOLOACHE, also known as Santigo Valdovinos–Soloache, also known as Valdovanos Santoioago, Defendant–Appellant.**

**Docket No. 02–1069.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 11, 2002.

Decided: Oct. 24, 2002.

---

Jay S. Ovsiovitch, Rochester, N.Y. (William Clauss, Federal Defender, Western District of New York, Rochester, NY), for Appellant.

Deirdre M. Flynn, Assistant United States Attorney, Rochester, N.Y. (Michael A. Battle, United States Attorney, Western District of New York, Rochester, NY), for Appellee.

Before NEWMAN and F.I. PARKER, Circuit Judges, and UNDERHILL, District Judge.[1]

PER CURIAM.

Defendant-appellant Santiago Valdovinos–Soloache appeals from a judgment of conviction and sentence entered in the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*), following his plea of guilty to unlawfully reentering the United States

1. Judge Stefan R. Underhill, United States District Court for the District of Connecticut, sitting by designation.

without the permission of the United States Attorney General, after having been deported following conviction of a felony, in violation of 8 U.S.C. § 1326 (1999). After adjustments for relevant factors under the United States Sentencing Guidelines ("U.S.S.G.") and pursuant to § 1326(b), Valdovinos–Soloache was sentenced to 46 months imprisonment. On appeal Valdovinos–Soloache argues that (1) the government failed to prove that the defendant was not entitled to a lesser upward adjustment in the offense level, and (2) contrary to § 1326 and precedent, his previous felony conviction should not increase his sentence for this offense. In the first instance, the defendant, not the government, had the burden and failed to meet it, and the second instance is controlled by precedent; therefore we affirm the district court.

## I.

Santiago Valdovinos–Soloache was arrested on March 26, 2001 for illegal reentry into the United States after deportation, pursuant to 8 U.S.C. § 1326. He pleaded guilty to the charge and judgment was subsequently entered against him. Section 1326 provides for enhanced sentences for offenders with prior convictions, including, under subsection (b)(1), a maximum sentence of ten-years if the defendant has a prior felony conviction.

In 1988, Valdovinos–Soloache had pleaded guilty in a state court and was sentenced to ten years imprisonment for a felony, delivery of a controlled substance. After only five months of confinement, however, on February 20, 1989, he was removed from prison and then deported to Mexico the following day. The presentence investigation report ("PSR") for Valdovinos–Soloache states that when he left prison, and ultimately, state custody, in February of 1989 through deportation, he was "paroled." Since that deportation, the defendant has been deported three additional times before his conviction and sentencing in this case.

## II.

### A. Standard of Review

■ When a sentencing calculation is appealed, we review the district court's factual findings for clear error and its legal interpretations of the Guidelines de novo. *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir.2000).

### B. Burden on Defendant to Prove Mitigating Factors

On appeal, Valdovinos–Soloache first contends that his prior sentence of ten years imprisonment was improperly used as a factor under the U.S.S.G. to adjust his base offense upward. The government presented evidence of Valdovinos–Soloache's previous ten-year sentence for his 1988 conviction for delivery of a controlled substance. At sentencing, the district court imposed a 16–level upward adjustment in the defendant's base offense pursuant to U.S.S.G. § 2L1.2, which provides for such an adjustment when a sentence of more than thirteen months imprisonment for drug trafficking has been imposed previously on the offender.

Valdovinos–Soloache contests this upward adjustment, arguing that because he was released from prison five months into his sentence and immediately deported, his prior sentence should be viewed as a sentence of less than thirteen months, and therefore subject under the U.S.S.G. to only a 12–level upward adjustment. *See* U.S.S.G. § 2L1.2 (b)(1)(B)(2001). The Guideline states that "(I)f the defendant previously was deported, or unlawfully remained in the United States, after—(A) a conviction for a felo-

ny that is (I) a drug trafficking offense for which the sentence imposed exceeded 13 months" the court should increase the base offense level "by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A). The same section also provides a lesser upward adjustment if the previously imposed sentence was for less than 13 months. *See* U.S.S.G. § 2L1.2(b)(1)(B). In a clarification, the commentary indicates that: "(I)f all or any part of a sentence of imprisonment was probated, suspended, deferred or stayed, 'sentence imposed' refers only to that portion that was not probated, suspended, deferred or stayed." U.S.S.G. § 2L1.2 (b)(1)(A), app. note 1(A)(iv).

▮ Generally, the government bears the burden of proving facts relevant to sentencing. *See United States v. Williams*, 247 F.3d 353, 358 n. 7 (2d Cir. 2001) (holding that the government's proof of cocaine in defendant's possession was insufficient to show intent to distribute). However, the party seeking to benefit from a particular fact or facts often bears the burden of persuading the court. *See, e.g., See United States v. Butler*, 970 F.2d 1017, 1027 (2d Cir.1992)(after government's prima facie showing of applicability of the career offender sentencing guideline, burden shifted to defendant to show that prior crimes were common plan or scheme and therefore career offender enhancement was inapplicable).; *United States v. Garcia*, 920 F.2d 153, 156 (2d Cir.1990)(per curiam)(defendant sought downward adjustment but failed to convince court of his minor role in the offense); *see also United States v. Font–Ramirez*, 944 F.2d 42, 49 (1st Cir.1991)(government bore the burden of proving sufficient facts to justify sentence enhancement). This is especially true where, as here, a defendant seeks to qualify for an exception to an otherwise applicable provision that would increase his sentence. We need not decide whether that burden is fully one of persuasion or only a burden of production, sufficient to put the matter in issue, at least as to facts to which the government generally has easier access. *See Butler*, 970 F.2d at 1026 (noting significance of access to facts as relevant to burden of proof issues).

Valdovinos–Soloache produced no evidence that any part of his 1988 sentence was probated, suspended, deferred or stayed. The government showed the fact of his prior conviction and sentence using a Certificate of Conviction from the relevant court. The Certificate recorded the ten-year sentence for delivery of a controlled substance, but made no mention of any probation, suspension, deferral or stay of that sentence. The PSR summarized Valdovinos–Soloache's criminal history, corroborating his sentencing in September of 1988 to ten years incarceration and reflecting the short length of time served for that sentence. Additionally, the PSR characterized the 1989 release and deportation of the defendant as "parole" on February 20, 1989 and deportation the following day. Acting on the evidence before it, the district court found that the sentence imposed on Valdovinos–Soloache exceeded thirteen months imprisonment and adjusted his base offense level upward accordingly.

Valdovinos–Soloache challenges the PSR as insufficient evidence that his release in 1989 was actually parole rather than probation, suspension, deferral or a stay of his sentence. He further asserts that the government failed to prove that his 1988 sentence was not "probated, suspended, deferred or stayed." Without probing the meaning of each of these terms, we can put his argument to rest.

▮ Because the defendant was seeking an exception to a guideline enhancement that the government had proven was *prima facie* applicable, he bore at least the

burden of production, if not the burden of persuasion, to show that his prior ten-year sentence, established by official court documents to have been imposed, was subject to one of the exceptions that would qualify him for a lesser enhancement. *Butler,* 970 F.2d at 1026. Thus, he needed to at least produce some evidence suggesting that all or some part of his 1988 sentence was "probated, suspended, deferred, or stayed"—resulting in his release after serving only five months. *See* U.S.S.G. § 2L1.2, app. note 1(A)(iv). Had he met this burden, the Guidelines would have prescribed only a 12–level upward adjustment from his base offense level. However, since the defendant produced no such evidence, we find no error in the court's finding that the sentence previously imposed on Valdovinos–Soloache was a ten-year sentence of imprisonment. Accordingly, we also find no fault with the court's subsequent application of the Guidelines.

### C. Fact of Prior Conviction Not Subject to Apprendi Requirement

The defendant also challenges his conviction under 8 U.S.C. § 1326(b), which provides enhanced sentences for previously convicted felons who are subsequently convicted of illegal entry, arguing that his previous felony was not alleged in his indictment or detailed in his guilty plea. As he acknowledges, the question of whether *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), mandates sentencing under only § 1326(a) in such a case is settled law in the Second Circuit. *See United States v. Latorre–Benavides,* 241 F.3d 262, 263–64 (2d Cir. 2001) (affirming use of enhanced penalties under 8 U.S.C. § 1326(b) for previously convicted felons). *Apprendi* explicitly treated prior convictions differently than other elements of an offense when it said, "(o)ther than the fact of a prior conviction, any fact that increases the penalty for a

crime beyond the prescribed statutory maximum must be … proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362–63. We therefore affirm the district court.

### III.

We affirm the judgment of the district court.