**UNITED STATES of America,**
**Appellee,**

v.

**Miguel BAUTISTA, Defendant-**
**Appellant.**

**No. 05–4156–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 8, 2006.

Malvina Nathanson, New York, NY, for Appellant.

David Raskin, Assistant United States Attorney, (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. REENA RAGGI, Circuit Judges, Hon. TIMOTHY C. STANCEU,[1] Judge.

### SUMMARY ORDER

Defendant Miguel Bautista pleaded guilty on November 21, 2000, to one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1),

---

1. The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

841(b)(1)(C), and 846. Presently serving a 240–month term of incarceration, Bautista appeals the district court's order denying his motions to compel the government to file a motion to reduce his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure and to conduct an evidentiary hearing as to whether his guilty plea was induced by promises of a government motion to reduce sentence. Bautista asserts that (1) the district court erred when it denied his motions on the grounds that they were untimely and frivolous, and (2) he is entitled to an evidentiary hearing because he has made a "substantial threshold showing" that the government's failure to file a Rule 35(b) motion was not in good faith and was unrelated to any legitimate governmental end. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In considering a district court's denial of a defendant's motion for an evidentiary hearing on the government's alleged improper motive in refusing to move for a sentencing reduction, "[o]ur case law is less than clear" as to whether we review the denial *de novo* or only for abuse of discretion. *United States v. Roe*, 445 F.3d 202, 206 (2d Cir.2006). We need not decide that issue here, however, because we reach the same conclusion applying either standard.

1. *Timeliness*

■ Rule 35(b) of the Federal Rules of Criminal Procedure ordinarily requires that the government file any motion for reduction of sentence based on substantial assistance within one year of sentencing. *See* Fed. R. Crim P. 35(b)(1). Because Bautista did not seek to compel a Rule 35(b) motion until February 2004, almost three years after his June 4, 2001 sentenc-

ing, the district court correctly denied his motion as a frivolous attempt to secure untimely relief. In challenging this conclusion, Bautista contends that his case falls under an exception to the general rule, whereby a district court may reduce a sentence based on a motion "made more than one year after sentencing . . . if the defendant's substantial assistance involved . . . information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing." Fed.R.Crim.P. 35(b)(2)(B). The availability of this exception is plain, but not its applicability to Bautista's case.

■ Although Bautista provided information to the government during pre-sentence proffer sessions, he has not demonstrated that any of that information ever proved "useful to the government" so as to bring him within Rule 35(b)(2)(B)'s exception. Bautista's assertion that he learned from a "reliable source" that information he provided was "used to arrest a number of suspected drug dealers" and "convict several . . . individuals," Revised Motion to Compel at 3, is unsubstantiated hearsay, hardly sufficient to trigger the Rule 35(b)(2)(B) exception, particularly where, as in this case, the government denies the assertion of useful assistance. *See United States v. Valdovinos–Soloache*, 309 F.3d 91, 94 (2d Cir.2002) (holding, in sentencing context, that party "seeking to benefit" from an asserted fact "bears the burden of persuading the court"). Having failed to adduce evidence sufficient to demonstrate that any information he provided to the government became "useful to the government . . . more than one year after sentencing," Bautista cannot avail himself of Rule 35(b)(2)(B). Because none of the other exceptions to the one-year filing rule are applicable here, *see* Fed.R.Crim.P.

35(b)(2)(A), (C), the district court correctly denied Bautista's motions as seeking untimely relief.

### 2. Unconstitutional or Bad Faith Motive

Even if Bautista's motions had raised no timeliness concern, the district court's denial was proper because the motions do not allege, much less demonstrate, that the government's refusal to file a Rule 35(b) motion was based on an unconstitutional motive. The decision whether to file a Rule 35(b) motion lies within the sole discretion of the government and is generally not subject to judicial review unless motivated by a constitutionally impermissible reason such as race or religion, or "not rationally related to any legitimate Government end." *Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *accord United States v. Roe*, 445 F.3d at 207. Moreover, "a defendant has no right to discovery or an evidentiary hearing unless he makes a substantial threshold showing [of an unconstitutional motive]." *Wade v. United States*, 504 U.S. at 186, 112 S.Ct. 1840 (internal quotations marks omitted). Bautista's assertion that he provided "substantial information" to the government that was later used to arrest and prosecute other members of his narcotics conspiracy, Appellant's Br. at 11–12, even if true, is insufficient to carry this burden. *Wade v. United States*, 504 U.S. at 187, 112 S.Ct. 1840 ("[A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one.").

In an effort to circumvent the requirement to make a "substantial threshold showing" of unconstitutional motive, Bautista argues for the first time on appeal that he had a cooperation agreement with the government. This court has held that, if a cooperation agreement exists, "a court's review of the government's decision not to file a [sentencing reduction] motion is more searching" and examines "whether the prosecutor has made its determination in good faith." *United States v. Roe*, 445 F.3d at 207 (internal quotation marks and citations omitted). Notwithstanding that both Bautista's signed plea agreement and his plea allocution contradict the existence of such an agreement, Bautista contends a tacit understanding among the parties and the district court "that if [he] provided substantial assistance, the government would move for a reduction in sentence." Appellant's Br. at 12. In fact, the district court statement relied on by Bautista to support this argument only noted that the law permitted the government to move for a sentence reduction based on future cooperation; it did not reference any agreement to file such a motion: "If [new bases for pursuing cooperation] ... result in some form of substantial assistance that *would warrant* the government in moving for a reduction, certainly I would be delighted to hear such a motion." Sentencing Tr. 4 (emphasis added). This is not an adequate basis to require a good-faith hearing.

In sum, because Bautista's motions (1) seek untimely relief, and (2) failed to make a "substantial threshold showing" of unconstitutional, or even bad faith, motive on the part of the government, the district court's May 4, 2005 order denying defendant's motions is hereby

AFFIRMED.