09-5080-cr
USA v. Dennard

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 6ᵗʰ day of January, two thousand eleven.

Present:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                     No.  09-5080-cr

JERMAINE DENNARD,

> *Defendant-Appellant*.

_____

For Appellee:                        Robert A. Marangola, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Rochester, N.Y.

For Defendant-Appellant:         Amy M. Burger, Assistant Federal Public Defender, Western District of New York, Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Jermaine Dennard pleaded guilty, without a plea agreement, to being a felon in possession of a firearm and was sentenced to 108 months' imprisonment. On appeal, he challenges the procedural and substantive reasonableness of his sentence. First, he argues that the district court improperly concluded that his prior sentences were sentences of imprisonment exceeding thirteen months, as required to accrue criminal history points under the United States Sentencing Guidelines ("Guidelines"). He maintains that the state sentencing court "suspended" his prior sentences within the meaning of the Guidelines by recommending in 1995 that Dennard be housed at New York State Willard Drug Treatment Facility ("Willard"). Second, he argues that, in view of his personal characteristics and criminal history, the district court unreasonably refused to impose a non-Guidelines sentence. We assume the parties' familiarity with the facts and procedural history of this case.

Factual determinations underlying a district court's Guidelines calculation are reviewed for clear error. *United States v. Canova*, 412 F.3d 331, 351 (2d Cir. 2005). The district court's application of the Guidelines is reviewed *de novo*. *Id.* "Generally, the government bears the burden of proving facts relevant to sentencing. However, the party seeking to benefit from a particular fact or facts often bears the burden of persuading the court." *United States v. Valdovinos-Soloache*, 309 F.3d 91, 94 (2d Cir. 2002) (per curiam) (internal citation omitted). We have reasoned that a defendant bears "at least the burden of production, if not the burden of

persuasion," *id.* at 94-95, where he "seeks to qualify for an exception to an otherwise applicable provision that would increase his sentence," *id.* at 94.

Dennard first argues that his 1995 sentence constitutes a sentence of parole supervision pursuant to New York Criminal Procedure Law section 410.91 and that "[b]ecause [§ 410.91] sentences do not require that the imposed prison term be served they constitute suspended sentences for criminal history purposes under the sentencing guidelines." Def.'s Br. 15-16.

Section 410.91 provides, in relevant part:

> A sentence of parole supervision is an indeterminate sentence of imprisonment, or a determinate sentence of imprisonment . . . , which may be imposed upon an eligible defendant . . . . An individual who receives such a sentence shall be placed under the immediate supervision of the state division of parole and must comply with the conditions of parole, which shall include an initial placement in a drug treatment campus for a period of ninety days at which time the defendant shall be released therefrom.

N.Y. Crim. Proc. Law § 410.91(1). As an initial matter, "a certificate of conviction showing the sentence pronounced by the court, or a certified copy thereof, constitutes the authority for execution of the sentence and serves as the order of commitment, and no other warrant, order of commitment or authority is necessary to justify or to require execution of the sentence." *Id.* § 380.60. We have held that a New York certificate of conviction "constitutes presumptive evidence of the facts stated in such certificate," *United States v. Green*, 480 F.3d 627, 632 (2d Cir. 2007) (emphasis omitted) (quoting N.Y. Crim. Proc. Law § 60.60(1)), which "a federal district court may consider in an effort to determine the nature of the New York offense to which a federal defendant has previously pleaded guilty," *id.* at 633. Here, Dennard's 1995 certificate of conviction states that Dennard was sentenced "to 2-6 years NYSDOC." J.A. 117. It does not

3

refer to section 410.91. The certificate therefore does not indicate that Dennard's prior sentence constitutes a sentence of parole supervision or a suspended sentence.

Dennard rejoins that he "offered documents which referenced Willard sentences and thereby seriously challenged the accuracy of the certificate of conviction." Def.'s Reply Br. 2. He refers to (1) a "Sentence & Commitment" form, which states that the "Court directs sentence to be served at Willard Corr. Fac. If it is not within the power of the Court to make this direction, the Court strongly recommends incarc. at Willard," J.A. 72; (2) a "Court Order for Investigation and Report," issued by the state sentencing court, which states that Dennard had received a "sentence promise" of "2-6 yrs. NYSDOC & court recommending [*sic*] placement in Willard program," *id.* at 75; and (3) a Monroe County Probation Office recommendation that Dennard receive "treatment at the Willard Facility," *id.* at 76. His argument is unpersuasive.

First of all, the documents that Dennard identifies refer neither to section 410.91 nor to a sentence of parole supervision. Although they show that the state sentencing court recommended Dennard's placement at Willard, they do not indicate that Dennard received a sentence of parole supervision pursuant to section 410.91 or a suspended sentence. *See, e.g.*, *Valdovinos-Soloache*, 309 F.3d at 94-95 (holding that defendant failed to show that his sentence "was subject to one of the exceptions that would qualify him for a lesser enhancement" where "[t]he government showed the fact of his prior conviction and sentence using a Certificate of Conviction" that "recorded the ten-year sentence for delivery of a controlled substance, but made no mention of any probation, suspension, deferral or stay of that sentence").

In any event, in order to be eligible to receive a sentence of parole supervision, the defendant must be a second-time felony offender whose prior conviction is not for a violent

felony.  *See* N.Y. Crim. Proc. Law § 410.91(2) ("A defendant is an 'eligible defendant' for purposes of a sentence of parole supervision when such defendant is a felony offender convicted of a specified offense or offenses . . . ."); *People v. Adams*, 281 A.D.2d 707, 707-08 (N.Y. App. Div. 3d Dep't 2001) (holding that defendant was not eligible for a sentence pursuant to section 410.91 where "defendant's only prior felony conviction was vacated and replaced by a youthful offender adjudication").  Here, Dennard was convicted in 1992 of first degree robbery, but was granted "Youthful Offender status."  PSR at 19.  Pursuant to section 720.35(1) of New York Criminal Procedure Law, "[a] youthful offender adjudication is not a judgment of conviction for a crime or any other offense. . . ."  Thus, when Dennard was convicted in 1995 of criminal possession of a controlled substance in the fifth degree, he was not considered to be a second felony offender and therefore was not eligible to receive a sentence of parole supervision.  Dennard does not dispute that he was not in fact eligible to be placed at Willard pursuant to a sentence of parole supervision.  Accordingly, we conclude that Dennard's prior sentences were not sentences of parole supervision and thus were not "suspended" within the meaning of the Guidelines.

We review the substantive reasonableness of a district court's sentence for abuse of discretion.  *See, e.g.*, *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).  A district court's sentence should be set aside on the ground that it was substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  *Id.* at 189.  The Court must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts."  *Id.* at 190.  "[W]e will not second guess

5

the weight (or lack thereof) that the judge accorded to a given [section 3553(a)] factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009) (internal quotation marks omitted).

Dennard contends that his sentence was substantively unreasonable on the grounds that (1) he cares for his disabled mother, who resides in an assisted-living facility, and (2) the district court failed to consider the state sentencing court's views of his prior crimes. The district court, however, expressly considered all aspects of Dennard's personal circumstances and criminal history and concluded that they did not warrant a departure from a Guidelines-range sentence. It reasoned that Dennard's prior offenses were serious and that a 108-month sentence, the lowest sentence within the Guidelines range, was necessary to deter Dennard and others from distributing handguns. We conclude that Dennard's sentence was substantively reasonable.

We have considered Dennard's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK