**UNITED STATES of America,**
**Appellee,**

v.

**Richard Alberto HERNANDEZ,**
**Defendant–Appellant.**

**No. 00–1754.**

United States Court of Appeals, Second Circuit.

Nov. 8, 2001.

Maranda Fritz, Fritz & Miller, New York, NY, for appellant.

Jonathan R. Streeter, Assistant United States Attorney; Mary Jo White, United States Attorney for the Southern District of New York; Celeste L. Koeleveld, of counsel, New York, NY, for appellee.

Present GRAAFEILAND, WINTER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court, entered on November 9, 2000, be, and it hereby is, AFFIRMED.

Defendant–Appellant Richard Alberto Hernandez, an alien from the Dominican Republic, appeals from a judgment of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge* ) sentencing him to fifty-seven months' imprisonment for illegally reentering the United States after conviction for a felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

Hernandez challenges his sentence on three grounds: that the district court erroneously characterized the underlying felony as "aggravated" and, on this basis, mistakenly increased his base-offense level by sixteen points; that the court miscalculated his criminal history points; and that the court erred by failing to consider a downward departure based on the relatively innocuous nature of the underlying felony, his family circumstances, and his willingness to be deported.

■ As a preliminary matter, we note that contrary to defense counsel's position, the 1998 version of the United States Sentencing Guidelines, not the 1995 version, applies here. Title 18 U.S.C. § 3553 directs the courts to apply the Guidelines "in effect on the date the defendant is sentenced," *id.* § 3353(1)(4), except "where application of the Guidelines in effect at sentencing would result in a more severe sentence than the version in effect at the time of the commission of the offense," thereby violating the Ex Post Facto Clause. *United States v. Fitzgerald,* 232 F.3d 315, 318–19 (2d Cir.2000) (quoting *United States v. Broderson,* 67 F.3d 452, 456 (2d Cir.1995)). That is not the case here, and the 1998 Guidelines therefore apply.

*Calculation of the Defendant's Base–Offense Level*

The defendant pled guilty to illegal reentry subsequent to conviction for a felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The Guidelines establish a base-offense level of eight for illegal reentry, *see* U.S.S.G. § 2L1.2 (1998), and a sixteen-level enhancement for commission of this crime subsequent to conviction for an aggravated felony, *see id.* § 2L1.2(b)(1)(A). An "aggravated" felony includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). A "drug trafficking crime," in turn, denotes "any felony punishable under the Controlled Substances Act," 18 U.S.C. § 924(c)(2), which includes both state and federal crimes defined as felonies under the applicable law. *See* 21 U.S.C. § 802(13); *see also United States v. Pornes–Garcia,* 171 F.3d 142, 145 (2d Cir.), *cert. denied,* 528 U.S. 880, 120 S.Ct. 191, 145 L.Ed.2d 161 (1999).

■ Hernandez pled guilty to illegal reentry subsequent to "[a] conviction on or about April 29, 1992 in the Common Pleas Court ... of Pennsylvania for possession

with the intent to deliver a controlled substance...." Pennsylvania law classifies this crime as a felony, *see* Pa. Cons.Stat. §§ 780–113(a)(30), 780–113(f)(2); and it is punishable under the Controlled Substances Act, *see* 21 U.S.C. § 841(a)(1). Hernandez's prior conviction therefore constitutes an "aggravated felony," and the court correctly increased his base-offense level by sixteen points.

*Criminal History Category*

Hernandez challenges the district court's calculation of his criminal history points because (1) the court did not subtract a portion of his sentence of imprisonment for the 1992 Pennsylvania conviction, which he claims was "suspended" within the meaning of U.S.S.G. § 4A1.2(b)(2); and (2) the court allegedly miscalculated the points in connection with his 1989 New York conviction.

■ Section 4A1.1 of the United States Sentencing Guidelines instructs the sentencing court to assign three criminal history points "for each prior sentence of imprisonment exceeding one year and one month," but "if part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended," *id.* § 4A1.2(b)(2). Hernandez argues that because the INS deported him before the expiration of his sentence of imprisonment resulting from the Pennsylvania conviction, that sentence was "suspended," and the court should have subtracted the time he did not serve as a result of his deportation. "Suspension" does not, however, refer to time not served because of the decision of a government agency, here the INS, which deported Hernandez prior to the expiration of his sentence; it refers to the judicial authority of a court. *See United States v. Harris,* 237 F.3d 585, 589 (6th Cir.2001); *cf. United States v. Tabaka,* 982 F.2d 100, 103 (3d Cir.1992). Because

Hernandez's Pennsylvania sentence exceeded one year and one month, and because his deportation prior to the expiration of that sentence does not constitute a "suspension," the court correctly assigned him three criminal history points for his 1992 conviction.

Hernandez also challenges the court's assignment of four criminal history points based on his 1989 conviction. The court assigned Hernandez two points for this conviction because, although Supreme Court, New York County, initially sentenced him to five years of probation, that court revoked his probation on March 16, 1999 on the grounds that Hernandez had failed to comply with a 1992 bench warrant. Under these circumstances, the Guidelines instruct the sentencing court to add "the original term of imprisonment to any term of imprisonment imposed upon revocation." U.S.S.G. § 4A1.2(k)(1). The resulting one-year term constitutes a "prior sentence of imprisonment of at least sixty days," to which the Guidelines assign two criminal history points. U.S.S.G. § 4A1.1(b). The Guidelines further instruct the sentencing court to assess two additional criminal history points "if the defendant committed the instant offense while under any criminal justice sentence," U.S.S.G. § 4A1.1(d). A "criminal justice sentence" includes circumstances in which the defendant committed "the instant offense while a warrant from a prior sentence [was] outstanding." *Id.* § 4A1.2(m). Because the defendant reentered the United States illegally while the 1992 New York bench warrant remained outstanding, the district court assigned Hernandez an additional two criminal history points, yielding a total of four points in connection with his 1989 New York conviction.

■ Hernandez objects to the above calculation because he claims that it unfairly penalizes him for circumstances beyond

his control—viz., that he could not comply with the 1992 warrant because at that time, February 1992, he was incarcerated in Connecticut; and that the prosecutor failed to exercise due diligence to execute the 1992 bench warrant. Both of these challenges fail because of the "well-settled principle that, with very limited exceptions, a prior conviction cannot be collaterally attacked in the District Court at the time of sentencing on a new conviction," *United States v. Mackins,* 218 F.3d 263, 269 (3d Cir.2000); and the defendant may not "use the federal sentencing forum to gain review of his state convictions." *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *see also United States v. Jones,* 27 F.3d 50 (2d Cir.1994) (per curiam) (affirming that the rule in *Custis* applies to "any . . . statutory scheme providing for sentence enhancement on the basis of prior felony convictions"). The district court therefore correctly added four points to the defendant's criminal history score based on his New York conviction.

*Consideration of a Downward Departure*

■ Lastly, the defendant argues that the district court should have considered a downward departure because of the relatively innocuous nature of the underlying felony, his family responsibilities, and his "willingness and intention to be deported." We may not review a district court's decision not to depart downward unless the court misinterpreted the law or failed to appreciate its authority to depart. *See United States v. Aponte,* 235 F.3d 802, 803 (2d Cir.2000) (per curiam) (quoting *United States v. Labeille–Soto,* 163 F.3d 93, 100 (2d Cir.1998)); *see also Koon v. United States,* 518 U.S. 81, 98–99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The record shows, to the contrary, that the district

court correctly interpreted the law and fully appreciated its authority to depart. The district court applied *United States v. Tappin,* 205 F.3d 536, 539–42 (2d Cir. 2000), which held that a sentencing court lacks authority to depart downward on the basis of the seriousness of the underlying offense if the defendant does not meet three conditions specified in U.S.S.G. § 2L1.2 cmt. n. 5, to find that it lacked authority to depart on this basis. The record also shows that the court appreciated its authority to depart based on the defendant's family circumstances and willingness to be deported, but found that in Hernandez's case neither of these circumstances fell outside the "heartland" of cases, thus meriting a departure.

We lack jurisdiction to review these determinations because the defendant has alleged neither an error of law nor that the district court failed to appreciate its authority to depart. *See Aponte,* 235 F.3d at 803 (quoting *Labeille–Soto,* 163 F.3d at 100). In any event the court's decisions appear to be reasonable and certainly cannot be deemed an "abuse of discretion." *See Koon,* 518 U.S. at 99–100, 116 S.Ct. 2035.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.