United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-50792
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL AMIN MEMON,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-104-ALL-SS
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Amin Memon pleaded guilty to illegally reentering the United States following

deportation in violation of 8 U.S.C. § 1326. Because Memon was deported following a felony theft

conviction for which he received a five-year suspended sentence, the district court enhanced Memon's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Memon was sentenced to 14 months of imprisonment and a three-year term of supervised release.

Memon argues that the district court erred in using his prior theft conviction to enhance his sentence because, prior to his deportation, that sentenced was reduced to one of straight probation. The state court order on which Memon relies purports merely to grant him an early discharge from the probation he was serving on his suspended imprisonment sentence. Although Texas law allows a state court to amend or modify an original sentence, such an amendment or modification is not necessary for the early termination of a term of probation. See TEX. CODE CRIM. PROC. art. 42.12 § 23 (recodified at art. 42.12 § 20(a) & Histori cal and Statutory Notes (Vernon 1979 & Supp. 2004)). Because the state court order at issue here had no effect upon the original sentence of imprisonment on the theft conviction, the district court did not err in enhancing Memon's sentence pursuant to § 2L1.2(b)(1)(C).

Memon also argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court erred in sentencing him under a mandatory guideline sentencing scheme. Because Memon did not raise this issue in the district court, we review it only for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005). Memon is unable to establish plain error with regard to his Booker claim because he cannot establish that being sentenced under a mandatory sentencing guidelines scheme affected his substantial rights. The record does not indicate that the district court would have reached a significantly different result under a sentencing scheme in which the guidelines were advisory only. See Valenzuela-Quevedo, 407 F.3d at 733-34.

AFFIRMED.