# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10287

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FERMIN RODRIGUEZ-BERNAL,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:

Fermin Rodriguez-Bernal was sentenced to two years of imprisonment after being convicted of possession with intent to distribute less than one gram of heroin under Texas Health and Safety Code Section 481.112(b). After he had served ten months, his sentence was discharged, and he was released to immigration detainers and removed to El Salvador. He later pleaded guilty of illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court sentenced him to seventy months of imprisonment after applying, *inter alia*, a sixteen-level enhancement under U.S. Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(i) for the possession-with-intent

No. 14-10287

offense.   Rodriguez-Bernal maintains that it was error to apply the enhancement and that the sentence is substantively unreasonable.  We affirm.

## I.

Because Rodriguez-Bernal "preserved his objection to the enhancement, '[w]e review the district court's interpretation and application of the sentencing guidelines *de novo* and its findings of fact for clear error.'"  *United States v. Martinez-Lugo*, No. 13-40924, 2015 U.S. App. LEXIS 5032, at \*4 (5th Cir. Mar. 27, 2015) (per curiam) (alteration in original) (quoting *United States v. Baker*, 742 F.3d 618, 620 (5th Cir. 2014)).  "We analyze the Guidelines under the rules that apply to the interpretation of statutes.  The text of the guideline is the starting point in the analysis; the commentary is considered authoritative.  We use 'a plain-meaning approach' in our interpretation of the Sentencing Guidelines."  *United States v. Mendez-Villa*, 346 F.3d 568, 570 (5th Cir. 2003) (per curiam) (citations omitted).

## II.

Section 2L1.2(b)(1)(A)(i) provides that the offense level for unlawfully entering the United States shall be increased by sixteen if, *inter alia*, the defendant previously was deported after "a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months . . . ."  "'Sentence imposed' has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2 . . . ."  § 2L1.2 cmt. n.1(B)(vii).  Section 4A1.2(b)(1), in turn, defines "sentence of imprisonment" as "a sentence of incarceration and refers to the maximum sentence imposed."  The "maximum sentence imposed" can differ from the time actually served: "[T]he length of a sentence of imprisonment is the stated maximum . . . in the case of an indeterminate sentence of one to five years, the stated maximum is five years . . . .  [C]riminal history points are based on the sentence pronounced,

2

No. 14-10287

not the length of time actually served." § 4A1.2 cmt. n.2.  But there is an important exception:  "If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." § 4A1.2(b)(2).

## A.

Rodriguez-Bernal avers that his "sentence of imprisonment" was less than thirteen months because he was discharged after serving ten.  Equating "discharged" with "suspended" under § 4A1.2(b)(2), he claims that the district court erred by counting the time during which his sentence was discharged toward the "sentence of imprisonment."  He is mistaken for two independent reasons.  First, his discharged sentence does not qualify as a suspended sentence under § 4A1.2(b)(2) because it was not suspended by a court.  Second, a discharged sentence under Texas law is not equivalent to a suspended sentence.

## 1.

Only a court can suspend a sentence for purposes of the § 4A1.2(b)(2) exception.  "The defining characteristic of a 'suspended sentence' under the . . . Guidelines is that it is suspended by a judicial officer, rather than an executive agency."[1]  This decision accords with all circuits to have considered the issue.

In *United States v. Harris*, 237 F.3d 585, 587–88 (6th Cir. 2001), the

---

[1] *United States v. Garcia-Gomez*, 380 F.3d 1167, 1172 (9th Cir. 2004) (refusing to recognize the release of a defendant by a correctional administrator as a "suspension" under § 4A1.2(b)(2)); *see also* Thomas W. Hutchison et al., *Federal Sentencing Law & Practice* § 2L1.2 cmt. 8(c)(ii) (2015 ed.) ("Sentence length is determined by what a court has pronounced; if the prison term imposed exceeds 13 months, then the 'sentence imposed exceeded 13 months,' even if a subsequent administrative action . . . results in time served of less than 13 months."); Roger W. Haines, Jr., et al., *Federal Sentencing Guidelines Handbook: Text and Analysis* § 4A1.2 ¶ (b)(2) (2014–2015 ed.) ("Where defendant is sentenced to imprisonment but later paroled to avoid prison overcrowding, his sentence counts and is not treated as if it were 'suspended.'").

defendant was sentenced to three years but was paroled after only eighteen days because of prison overcrowding. The court held that his criminal history score should be based on the entire three-year sentence because administrative decisions to parole do not qualify as a "suspension."[2] "In reaching that result, the court relied on U.S.S.G. Ch. 7 Pt. A[(2)], which describe[s] the power formerly vested in federal courts (prior to the implementation of the federal sentencing guidelines) to suspend the imposition of a sentence of imprisonment and place a defendant on probation." *Garcia-Gomez,* 380 F.3d at 1172. Because Chapter 7 refers "to a *court's* authority to suspend sentences . . . the term 'suspended' [in § 4A1.2(b)(2)] refer[s] only to judicial suspensions." *Id.*

The same conclusion was reached in *United States v. Gajdik*, 292 F.3d 555, 556 (7th Cir. 2002). There the defendant had been sentenced to five years of imprisonment but was placed into a "boot camp" and released by the state department of corrections after only 121 days. The court recognized that "under 18 U.S.C. § 3651, only a court, not an executive agency, could suspend a sentence," and release from the boot camp "did not operate to 'suspend' the remainder of his five-year sentence [under 4A1.2(b)(2)] . . . . Rather, the procedure more closely resembles a pardon or commutation by the executive."[3]

The court in *United States v. Chavez-Diaz*, 444 F.3d 1223, 1226–27 (10th Cir. 2006), adopted the same reasoning, concluding that the decision by the INS to deport a defendant twenty-six days into his four-to-six-year sentence

---

[2] *Harris*, 237 F.3d at 589 ("[I]n using the term 'suspended sentence' in the guidelines, Congress was referring to the authority of a court to suspend a sentence, not a government agency. Clearly, Harris's administrative parole . . . was ordered by the Tennessee Department of Corrections rather than the state court that sentenced Harris to the concurrent three-year terms of imprisonment. Hence, Harris's sentences were not 'suspended.'").

[3] *Gajdik*, 292 F.3d at 558; *accord United States v. Womack*, 610 F.3d 427, 430–32 (7th Cir. 2010) ("[T]he decision whether or not to accept an inmate into the [boot camp] program is beyond the purview of judicial officers. Primarily for that reason, [early release after] participation in the program is unlike a suspended sentence.").

did not suspend it under § 4A1.2(b)(2). Likewise, in *United States v. Hernandez*, 27 F. App'x 36, 39 (2d Cir. 2001) (per curiam), the court stated that "'[s]uspension' [under § 4A1.2(b)(2)] does not, however, refer to time not served because of the decision of a government agency, here the INS, which deported [the defendant] prior to the expiration of his sentence; it refers to the judicial authority of a court."

This court cited *Hernandez* favorably in *United States v. Guerrero-Aguilar*, No. 01-40525, 2001 WL 1751459, at \*2 (5th Cir. Dec. 26, 2001) (unpublished), stating that "[g]iven the unsettled nature of the issue in this Circuit, to assume that a sentence suspended by another branch of the government is not a suspended sentence for the purposes of § 4A1(b)(2) is not a clear or obvious error." Furthermore, the *Garcia-Gomez* court, 380 F.3d at 1173, noted that its "holding is also consistent with . . . *United States v. Brooks*, 166 F.3d 723 (5th Cir. 1999)."[4]

We agree with our sister circuits that Rodriguez-Bernal's sentence was not "suspended" under § 4A1.2(b)(2) because "a correctional administrator, not a judge, made the decision to release [the defendant] prior to the completion of the term of his sentence." *Garcia-Gomez*, 380 F.3d at 1172. The state judgment of conviction shows that the sentencing court did not initially impose a

---

[4] In *Brooks* the defendant "was sentenced to serve a ten-year term in a 'special alternative incarceration program (boot camp) followed by probation.'" *Brooks*, 166 F.3d at 726. He was released from boot camp after less than a year, and the district court counted only the time he was in boot camp, not the entire ten-year sentence, as the "sentence imposed" under § 4A1(b)(1). *Id.* Notably, the government did not challenge the decision not to count the entire ten-year sentence as part of the "sentence imposed." The defendant claimed that his time in boot camp should not be considered as part of the "sentence imposed" because "the purpose of boot camp is rehabilitation," and "Texas law treats boot camp as community corrections, not imprisonment." *Id.* In affirming, this court "note[d] that under the Texas statute outlining the boot camp program . . . 'the *judge* of the court that imposed the sentence may suspend further execution of the sentence imposed' provided the *judge* is of the opinion that 'the person would not benefit from further imprisonment.'" *Id.* at 726 n.2 (emphasis added) (quoting TEX. CODE CRIM. PROC. ANN. art. 42.12 § 8 (West Supp. 1997)).

suspended sentence: Under the heading, "Execution / Suspension of Sentence (select one)," the court chose the first option, which provides, "The Court ORDERS Defendant's sentence EXECUTED," rather than the second option: "The Court ORDERS Defendant's sentence of confinement SUSPENDED." Although Texas law authorizes the trial court, after entry of judgment, to "suspend the imposition of the sentence and place the defendant on community supervision," that did not happen here. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a). Instead, Rodriguez-Bernal served ten months of the sentence before it was discharged by the Texas Department of Criminal Justice, whereupon he was released to immigration detainers and deported.

2.

Rodriguez-Bernal relies exclusively on *United States v. Salazar-Basaldua*, 342 F. App'x 985 (5th Cir. 2009) (per curiam), for the proposition that his discharged sentence qualifies as a suspended sentence under § 4A1.2(b)(2). There the defendant had been "convicted in Kentucky state court of trafficking a controlled substance and sentenced to a maximum term of seven years' imprisonment," but the sentencing court "conditionally discharged" the sentence. *Id.* at 986. Salazar-Basaldua later "pleaded guilty of unlawfully being present in the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)." *Id.* This court held that the district court erred in applying the sixteen-level enhancement for the trafficking offense under § 2L1.2(b)(1)(A)(i) because, "[c]onditionally-discharged sentences are treated as unsupervised probation under Kentucky law"—a proposition for which there is much support in Kentucky caselaw.[5] Any reliance on *Salazar-*

---

[5] *Salazar-Basaldua*, 342 F. App'x at 987. *See, e.g., Commonwealth v. Marshall*, 345 S.W.3d 822, 823 n.1 (Ky. 2011) ("Probation and conditional discharge are closely related concepts with their main difference being that a probationer is supervised by the probation

*Basaldua* is misplaced because a discharged sentence under Texas law is not functionally equivalent to a suspended sentence.

The guidelines do not define "suspended sentence," but "[s]uspended sentences are usually imposed in conjunction with probation so that if a defendant commits another crime or violates a condition of probation, his suspended sentence is activated."[6] Under our "plain meaning" approach, "[t]he text of the guideline is the starting point in the analysis" and the guidelines use the word "suspended"—a word with specific legal meaning—not the word "discharged"— a word with a different legal meaning. *Mendez-Villa*, 346 F.3d at 570. In the past, this court has carefully construed the words in the guidelines, declining to read in new exceptions to sentencing enhancements.[7]

---

office, whereas a conditionally discharged person is unsupervised."); *Pedigo v. Commonwealth*, 644 S.W.2d 355, 358 (Ky. Ct. App. 1982) ("For all purposes, except supervision, or the lack thereof, there is no difference between conditional discharge and probation."); *United States v. Trammel*, 404 F.3d 397, 404 (6th Cir. 2005) ("This Court has held that a term of conditional discharge, even when imposed in connection with a fine rather than a suspended jail sentence, is properly considered a term of probation and therefore should be included in criminal history calculations under the Guidelines."); *United States v. Rollins*, 378 F.3d 535, 538–40 (6th Cir. 2004) (reaching same conclusion).

[6] *United States v. Perez-Macias*, 335 F.3d 421, 426 (5th Cir. 2003); *see Alabama v. Shelton*, 535 U.S. 654, 662 (2002) ("A suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense."); *Gajdik*, 292 F.3d at 558 ("By common definition a 'suspended sentence' is a definite sentence postponed so that the defendant is not required to serve his time in prison unless he commits another crime or violates some court-imposed condition during a probationary period."); *accord Black's Law Dictionary* 1570 (10th ed. 2009) (A suspended sentence is "[a] sentence postponed so that the convicted criminal is not required to serve time unless he or she commits another crime or violates some other court-imposed condition. A suspended sentence, in effect, is a form of probation.").

[7] In 2002 the commentary to the guidelines stated that "[i]f all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed." § 2L1.2 cmt. n.1(A)(iv). In *Mendez-Villa*, the defendant claimed that his "sentence imposed" did not exceed thirteen months because he was released on parole after serving four months of a five-year sentence. We rejected that claim, explaining that the Guidelines did "not include parole in its list of exceptions" to the rule that the sentence pronounced is the relevant sentence for purposes of section 2L1.2's enhancements. *Mendez-Villa*, 346 F.3d at 569–70. The First, Second, Third,

No. 14-10287

Rodriguez-Bernal offers no authority for the proposition that his discharge to an immigration detainer functioned like a suspended sentence. Texas courts use the term "discharge" differently from "suspension" or "probation." In *Ex parte Gonzalez*, 402 S.W.3d 843, 844 (Tex. App.—Corpus Christi 2013, no pet.), the court explained that the "trial court suspended Gonzalez's sentence of ten years in [prison] . . . and placed him on community supervision." The court later "terminated [the] suspended sentence . . . and discharged Gonzalez."[8]  Those cases suggest that under Texas law a discharged sentence is unaccompanied by any continuing obligation, distinguishing the case at hand from the conditional discharge in *Salazar-Basaldua*.[9]

Rodriguez-Bernal relies on *dictum* in *Salazar-Basaldua*, 342 F. App'x

---

Eighth, and Tenth Circuits used similar reasoning to reject arguments that defendants who were paroled and deported after serving less than thirteen months were improperly given a sixteen-level enhancement. *See United States v. Carrasco-Mateo*, 389 F.3d 239, 243–46 (1st Cir. 2004); *United States v. Garibay-Anguiano*, 90 F. App'x 338, 341 (10th Cir. 2004); *United States v. Frias*, 338 F.3d 206, 207–08 (3d Cir. 2003); *United States v. Rodriguez–Arreola*, 313 F.3d 1064, 1065–67 (8th Cir. 2002); *United States v. Valdovinos-Soloache*, 309 F.3d 91, 93–95 (2d Cir. 2002) (per curiam).

[8] *Id.*  Similarly, in *Moreno v. State*, No. 07-03-0505-CR, 2005 WL 2839747, at *3 (Tex. App.—Amarillo Oct. 28, 2005, no pet.) (not designated for publication), the trial court "suspended appellant's sentence for a period of two years and placed him on probation."  The appellate court stated that "[d]ischarge from probation" would happen "at the end of that period . . . ."  Likewise, in *Ex parte Hale*, 117 S.W.3d 866, 873 (Tex. Crim. App. 2003), the court held that "the applicant's burglary sentence was discharged when his period of supervision on that sentence would have expired."  *See Ex parte Wrigley*, 178 S.W.3d 828, 831 (Tex. Crim. App. 2005) ("[T]he date a sentence is completed is the date it is served out in full, day-for-day, until discharge, or the date the defendant makes parole on the original offense."); *United States v. Memon*, 146 F. App'x 709, 709 (5th Cir. 2005) (per curiam) ("The [Texas] state court order on which Memon relies purports merely to grant him an early discharge from the probation he was serving on his suspended imprisonment sentence.").

[9] Differentiating between suspended sentences and discharged sentences makes sense:  A suspended sentence can be activated, providing an incentive for the ex-prisoner to act in a law-abiding manner and thereby mitigating the need for the guidelines to deter future criminal conduct with the threat of a sentence enhancement.  A discharged sentence, on the other hand, cannot be activated and therefore lacks the incentive of a suspended sentence.  By counting the discharged portion of a sentence as part of the "sentence of imprisonment," the guidelines provide such an incentive: a sentence enhancement.

at 987, in which this court opined that "under [§ 4A1.2(b)(2)], the discharged portion of a sentence is not part of a 'sentence of imprisonment.'" Unpublished cases are not binding precedent, and there is little persuasive value to that pronouncement—there was no accompanying analysis, nor has *Salazar-Basaldua* been cited by any court. Furthermore, it was unnecessary to the resolution of the case—the holding turned on whether a conditionally discharged sentence under Kentucky law functioned like unsupervised probation, as discussed above. We decline to adhere to that statement.

## III.

Rodriguez-Bernal's remaining claims are meritless. Citing *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), he contends that his prior offense—possession with intent to distribute less than one gram of heroin—was not a drug-trafficking offense under § 2L1.2. We recently rejected that assertion in *Martinez-Lugo*, 2015 U.S. App. LEXIS 5032, at *12−15. Rodriguez-Bernal also maintains that his seventy-month sentence—at the very bottom of the guidelines—is substantively unreasonable. "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (per curiam). The district court considered the same theories that Rodriguez-Bernal advances now and found that his sentence was appropriate in light of "his drug trafficking convictions, his four DUIs, [and] the fact he has already been removed once from the United States . . . ." Rodriguez-Bernal asks this panel to reweigh the 18 U.S.C. § 3553(a) factors, but "[a]ppellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *Id.* at 339. The district court did not abuse its sentencing discretion.

The judgment of sentence is AFFIRMED.

No. 14-10287

GRAVES, Circuit Judge, dissenting.

I disagree with the majority's conclusion that a discharged sentence does not qualify as a suspended sentence under U.S.S.G. § 4A1.2(b)(2). Because I would conclude that the district court erred by imposing the sixteen-level increase in Rodriguez-Bernal's base offense, I respectfully dissent.

Rodriguez asserts that the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior drug trafficking offense was improper because the sentence for that offense was discharged after ten months. Section 2L1.2(b)(1)(A)(i) allows the base offense level to be increased by sixteen levels when the defendant was previously deported after "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). The commentary to Section 2L1.2 refers to U.S.S.G. section 4A1.2(b) and Application Note 2 to define "sentence of imprisonment." Section 4A1.2 says, in relevant part: "If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b). Rodriguez relies on section 4A1.2 and *United States v. Salazar-Basaldua,* 342 F. App'x 985 (5th Cir. 2009), in support of his assertion that his sentence did not exceed thirteen months.

Though unpublished, *Salazar-Basaldua* addressed almost an identical issue. There, Salazar-Basaldua's sentence of seven years was conditionally discharged and he was credited with 239 days spent in custody. This court concluded that the sixteen-level enhancement did not apply because his sentence was not more than thirteen months. In its analysis, the court did note that conditional discharges are treated as unsupervised probation under Kentucky law. *Id.* at 987. However, more importantly, this court concluded that "under subsection (2) [of 4A1.2], the discharged portion of a sentence is not part of a 'sentence of imprisonment.'" *Id.*

10

The majority here says that "[a]ny reliance on *Salazar-Basaldua* is misplaced because a discharged sentence under Texas law is not functionally equivalent to a suspended sentence."  However, the majority merely offers some cases that "suggest that under Texas law a discharged sentence is unaccompanied by any continuing obligation, distinguishing the case at hand from the conditional discharge in *Salazar-Basaldua.*"

I disagree with any presumption that state court cases *suggesting* a difference in terminology would be more authoritative than a case, even unpublished, from this court explicitly concluding that "the discharged portion of a sentence is not part of a 'sentence of imprisonment."  *Salazar-Basaldua*, 342 F. App'x at 987.  This is also consistent with this court's previous decision in *United States v. Guerrero-Aguilar*, 31 F. App'x 159 (5th Cir. 2001), where we acknowledged the possibility of such a conclusion on de novo review.  Specifically, this court said:

> This Court has not yet addressed whether § 4A1.2(b)(2) applies to sentences suspended due to deportation, and Guerrero-Aguilar relies principally on two cases from other circuits, *United States v. Tabaka*, 982 F.2d 100 (3d Cir. 1992), and *United States v. Dixon*, 230 F.3d 109 (4th Cir. 2000), both of which held that a suspended sentence should not be counted for the purpose of tallying criminal history points under § 4A1(b)(2).  Neither of these cases, however, involved a suspension due to deportation and, perhaps more central to our holding, neither case was decided under the plain-error standard of review.

*Guerrero-Aguilar*, 31 F. App'x at *2.

This court said nothing in *Salazar-Basaldua* to indicate that an unconditional discharge would somehow be more stringent than a conditional discharge or that the reason for the discharge is relevant.  Regardless of why Rodriguez-Bernal's sentence was discharged, the fact that it was discharged without probation is more akin to his having completed the sentence.  Thus,

11

the discharge here would, at the very least, be the equivalent of a suspended sentence.

The majority further concludes that Rodriguez-Bernal's discharged sentence does not qualify as a suspended sentence because it was not suspended by a court.  I disagree.  We do not have the trial court record from the previous conviction before us to determine whether the trial court entered any order regarding the discharge.  However, we do have a concession on the part of the Government establishing that, while Rodriguez-Bernal was serving his sentence, "an immigration judge ordered him removed."  An immigration judge is a quasi-judicial officer.  *See Reno v. Flores*, 507 U.S. 292, 308 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993).  Regardless of whether the trial court entered any order regarding the discharge, a judicial officer was responsible for Rodriguez-Bernal's discharge.  *See United States v. Garcia-Gomez*, 380 F.3d 1167, 1172 (9th Cir. 2004).

Further, even if there is doubt about whether a discharged sentence qualifies as a suspended sentence under section 4A1.2(b)(2), the rule of lenity comes into play.  *See Adamo Wrecking Co. v. United States*, 434 U.S. 275, 284, 98 S.Ct. 566, 54 L.Ed.2d 538 (1978) ("[W]here there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant."); *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971) ("[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity."); *United States v. Reedy*, 304 F.3d 358, 367 (5th Cir. 2002) ("[A]mbiguity should be resolved in favor of lenity.").  Additionally, the rule applies "not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose."  *See Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).

No. 14-10287

For these reasons, I would conclude that the district court erred by imposing the sixteen-level increase in Rodriguez-Bernal's base offense and I would vacate and remand for resentencing. Therefore, I respectfully dissent.

13