# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40916
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARTA GONZALEZ-LOPEZ, also known as Martha Gonzalez-Lopez, also known as Maricela R. Lopez, also known as Maricela Recendez Lopez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1290-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marta Gonzalez-Lopez pleaded guilty to: attempted reentry after deportation, in violation of 8 U.S.C. § 1326; false representation to be a citizen of the United States, in violation of 18 U.S.C. § 911; and making a false statement to a federal agency and agent, in violation of 18 U.S.C. § 1001. She was sentenced, *inter alia*, to 57 months' imprisonment. In calculating that

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-40916

sentence, the court increased Gonzalez' advisory Sentencing Guideline offense level by 16, pursuant to Guideline § 2L1.2(b)(1)(A)(i) (pre-deportation conviction for certain drug-trafficking offenses).  The enhancement was based on Gonzalez' 2010 Texas conviction for possession, with intent to deliver, 400 grams or more of cocaine, in violation of Texas Health & Safety Code § 481.112(a).

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

On two bases, Gonzalez contends her 2010 conviction was not a drug-trafficking offense:  the conviction could have been imposed for administration of a controlled substance (she concedes this issue is foreclosed and raises it only to preserve it for possible further review); and delivery under § 481.112(a) encompasses unremunerated transfers (as she concedes, this issue is subject only to plain-error review).  Our precedent, however, forecloses both issues. *See United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015), *petition for cert. docketed* (23 June 2015) (No. 14-10355); *United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir.), *petition for cert. docketed* (2 July 2015) (No. 15-5047); *United States v. Teran Salas*, 767 F.3d 453, 460-62 (5th Cir. 2014), *cert denied*, 135 S. Ct. 1892 (2015).

AFFIRMED.