# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11444
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS RODRIGUEZ-SUAREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-39-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jesus Rodriguez-Suarez appeals his sentence for illegal reentry after removal, in violation of 8 U.S.C. § 1326. He contends his sentence of 36 months, which was an upward variance from the range calculated under the advisory Sentencing Guidelines, is substantively unreasonable.

Rodriguez was arrested in Navarro County, Texas, for an unrelated state offense, and was shortly thereafter detained in administrative custody by

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11444

United States Immigrations and Customs Enforcement.  He had been removed after unlawfully entering the United States on seven prior occasions, and he had also been convicted of, *inter alia*, a felony for illegally carrying a weapon at a school.  He pleaded guilty to the charge at issue here.  In addition, he had previously received a 30-month sentence for illegal reentry.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Accordingly, assuming, *arguendo*, Rodriguez preserved his substantive-unreasonableness objection, his sentence is reviewed for abuse of discretion.  *Gall*, 552 U.S. at 51.

In reviewing an above-Guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range".  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).  Also considered is whether the 18 U.S.C. § 3553(a) sentencing factors support the sentence and give deference to the district court's conclusion that those factors justify an upward variance.  *Brantley*, 537 F.3d at 349.  "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the

sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted).

Rodriguez asserts the court placed too much weight on his seven prior removals and not enough on his community support and recent good behavior. The district court, however, is obviously in a superior position to find facts and judge their import; we will not reweigh the § 3553(a) factors. *See United States v. Rodriguez-Bernal,* 783 F.3d 1002, 1008 (5th Cir. 2015). The court did not abuse its discretion by considering the need for the sentence imposed to promote respect for the law and to provide deterrence, either generally or specifically as to Rodriguez. *See* 18 U.S.C. § 3553(a)(2)(A), (B). Considering the totality of the circumstances, the extent of the upward variance—from the advisory Guidelines range of 15 to 21 months to a sentence of 36 months—was not an abuse of discretion.

AFFIRMED.