# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50972
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ZAVALA, also known as Jose Jesus Zavala,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-164-14

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Zavala appeals the 210-month sentence imposed on resentencing for his jury trial conviction of conspiring to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. He contends that his bottom-of-the-guidelines sentence of imprisonment is unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50972

Zavala did not expressly object to his sentence in the district court, but the contentions he raises on appeal concerning the reasonableness of his sentence are substantially similar to the arguments he made when requesting a downward variance. We need not decide whether Zavala's arguments for a variance were sufficient to preserve the issues he raises on appeal because, as discussed below, he has not shown that the sentence imposed by the district court was improper under the deferential abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 49-50 (2007), much less under the plain error standard, *see Puckett v. United States*, 556 U.S. 129, 135 (2009).

The record does not support Zavala's contention that the district court erred by failing to consider his relatively limited role in the conspiracy. The district court's statements at resentencing indicate its determination that Zavala had committed a serious offense even though he was responsible for a lesser quantity of methamphetamine than others in the conspiracy. Zavala fails to show that the district court erred by failing to "account for a factor that should receive significant weight." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Zavala further contends that his 210-month sentence is unreasonable because he has a minimal criminal record and has never before been to prison, because he suffers from health problems, and because his risk of recidivism is low given his age and his criminal history. He asserts that the sentence is greater than necessary to protect the public because his offense did not involve violence and because he will likely be deported after serving a sentence of imprisonment. Zavala argues that proper consideration of the sentencing factors would justify a sentence of 180 months of imprisonment.

As we have acknowledged, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular

defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Zavala's arguments amount to a request for a reweighing of the § 3553(a) sentencing factors, which we will not perform given the deference accorded the district court's sentencing determinations. *See United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015).

Zavala has not overcome the presumption of reasonableness that applies to his sentence. *See Cooks*, 589 F.3d at 186. Because the district court did not abuse its discretion, let alone plainly err, in imposing a sentence within the advisory guidelines range, the judgment of the district court is AFFIRMED.