# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41587
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL RAY HARRISON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-70-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Ray Harrison appeals the 120-month within-guidelines sentence imposed upon resentencing for possession of a firearm by a felon. The district court previously granted Harrison's 28 U.S.C. § 2255 motion and vacated Harrison's original 327-month sentence under the Armed Career Criminal Act in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Harrison now argues that his 120-month sentence is unreasonable. In support

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41587

of his argument, he asserts that the district court imposed the maximum sentence because the court did not understand the effect of *Johnson*; that the district court "did not understand [its] authority to order the sentence to be served concurrently with [his] state sentence;" and that the district court failed to consider the 18 U.S.C. § 3553(a) factors and ignored his mitigation arguments.

Harrison's arguments are unsupported by the record and do not show that his within-guidelines sentence fails to account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment by the district court in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The district court noted that it had considered the sentencing factors set forth in § 3553(a) and that the sentence was appropriate in light "of the nature and circumstances of the offense" and Harrison's "extensive criminal history" and would "serve as just punishment, promote respect for the law, and deter future violations of the law." Given the deference accorded the district court's sentencing determinations, we will not reweigh the § 3553(a) sentencing factors. *See United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015).

AFFIRMED.