# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RACHEL ANN THOMPSON, also known as "Rachet Rachel",

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-198-2

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In contesting the 151-month prison term imposed following her guilty plea to conspiracy to possess, with intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, Rachel Ann Thompson challenges the denial of her motions for a downward departure and variance sentence, and contends the district court gave inadequate consideration to the mitigating factors she presented in support of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

her motions.    In sum, she asserts the court imposed a substantively-unreasonable sentence that was greater than necessary to satisfy the 18 U.S.C. § 3553(a) sentencing factors.   Further, she asks our court to provide district courts with guidance concerning the application of the Sentencing Guidelines addressing departure sentences and to explain when mitigating factors would support a downward-departure sentence.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.   *Gall v. United States*, 552 U.S. 38, 48–51 (2007).   If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.   *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).   In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.   *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).   Thompson concedes there were no procedural errors.

We lack jurisdiction to review the denial of a downward departure under the Guidelines unless the denial was based on the district court's mistaken belief that it lacked the authority to depart.   *See United States v. Jefferson*, 751 F.3d 314, 322–23 (5th Cir. 2014) (citing *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013)).   The record does not show such a belief.   Accordingly, we lack jurisdiction to consider this claim.   As to Thompson's concomitant request that we provide district courts with guidance concerning the departure Guidelines, we do not issue advisory opinions.   *See, e.g.*, *Amar v. Whitley*, 100 F.3d 22, 23 (5th Cir. 1996).

Next, considered, in the light of the factors Thompson raised in support of her motions for a downward departure and variance, is whether the

imposition of a 151-month prison term was substantively unreasonable, including being greater than necessary to satisfy the § 3553(a) factors. Because Thompson did not object to the reasonableness of her sentence in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Thompson must show a forfeited plain (clear or obvious) error that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* For the reasons presented below, Thompson fails to show the requisite clear or obvious error.

Because Thompson's sentence was within the advisory-Guidelines sentencing range, it is entitled to a rebuttable presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). To rebut that presumption, Thompson must show her "sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

The district court considered Thompson's arguments in mitigation, balanced them with the § 3553(a) factors, expressed concern about Thompson's criminal history, and concluded that a sentence at the top of the sentencing range was appropriate. Thompson's contentions regarding the court's weighing of those factors are insufficient to rebut the presumption of reasonableness. *See id.*; *United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015). Furthermore, our court will not reweigh the § 3553(a) factors and reverse a sentence, even if we reasonably could conclude that a

No. 18-10405

different sentence was appropriate.  *See Rodriguez-Bernal*, 783 F.3d at 1008;
*Gall*, 552 U.S. at 51.

AFFIRMED.