# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2022

Lyle W. Cayce
Clerk

No. 21-50229
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Maurino Truijillo-Balverde,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-2776-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Maurino Truijillo-Balverde pleaded guilty of illegal reentry into the United States, and he was sentenced within the guidelines range to a 46-month term of imprisonment and to a three-year period of supervised release. For the first time on appeal, he contends that the district court plainly erred

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50229

by enhancing his guidelines offense level by eight levels pursuant to U.S.S.G. § 2L1.2(b)(3)(B) because, after he was ordered removed from the United States for the first time, he engaged in criminal conduct that resulted in a conviction for a felony offense for which the sentence imposed was two years or more.

Our review is for plain error. Accordingly, Truijillo-Balverde must show an error that was clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to correct such an error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In general, a presentence report has sufficient indica of reliability to permit a sentencing court to rely upon it at sentencing. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The defendant has the burden of showing that a presentence report is inaccurate. *Id.* "[A] district court may adopt the facts presented in a [presentence report] without further inquiry *if* those facts have an adequate evidentiary basis with sufficient indicia of reliability *and* the defendant does not present rebuttal evidence." *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019) (emphasis retained; internal quotation marks and citation omitted).

In applying the § 2L1.2(b)(3)(B) enhancement, the probation officer stated that a Minnesota state court imposed a 43-month sentence related to Truijillo-Balverde's felony drug possession conviction on May 3, 2011, and that, less than two years later, on May 1, 2013, Truijillo-Balverde was removed to Mexico. Truijillo-Balverde asserts that this information is internally inconsistent and, therefore, does not have sufficient indicia of reliability. He speculates that "the state court may have reduced [his] sentence of imprisonment to less than two years or placed [him] on unsupervised probation shortly after sentencing" because he was removed to

No. 21-50229

Mexico less than two years after his sentence was imposed. These contentions are without merit.

The phrase "sentence imposed" in § 2L1.2(b)(3)(B) has the same meaning as the phrase "sentence of imprisonment" in U.S.S.G. § 4A1.2(b) and commentary note 2. It refers to the maximum sentence imposed, and it relates to the sentence pronounced, not the length of time actually served. *See* § 4A1.2(b)(1) & comment. (n.2); *see also United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1004-07 (5th Cir. 2015). Although any suspended portion of a sentence does not count as part of that sentence, § 4A1.2(b)(2), Truijillo-Balverde has not shown that his prior state sentence was suspended.

Truijillo-Balverde asserts that the Government failed to prove that the prior conviction was categorically a qualifying offense. This contention is likewise without merit. Truijillo-Balverde's enhancement was for a felony offense, not a crime of violence or a drug-trafficking offense, and he has offered no authority for the proposition that the modified categorical approach applies to § 2L1.2(b)(3)(B) enhancements. Therefore, any error in failing to apply a modified categorical approach cannot be plain error. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) ("We ordinarily do not find plain error when we have not previously addressed an issue." (internal quotation marks and citation omitted)); *see also* U.S.S.G. Supp. to App. C, amend. 802 (Reason for Amendment) (stating that, in amending § 2L1.2, the Sentencing Commission had abandoned the categorical approach for determining the severity of prior felony offenses in favor of the sentence-imposed model).

Truijillo-Balverde has not met his burden of showing that the district court committed a clear or obvious error in enhancing his sentence under § 2L1.2(b)(3)(B). *See Puckett*, 556 U.S. at 135; *see also Rodriguez-Bernal*, 783 F.3d at 1004-07. The judgment is AFFIRMED.