# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10974
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luis Sarmiento,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-165-1

————————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jose Luis Sarmiento pleaded guilty to illegal reentry and was sentenced above the guidelines range to 60 months of imprisonment, followed by a three-year term of supervised release. He challenges his sentence as substantively unreasonable, urging that the district court abused its discretion in varying upwardly from the applicable guidelines range of

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

eight to 14 months based on his uncounted prior convictions and prior removals.

We review a preserved objection to a sentence's substantive reasonableness for an abuse of discretion, examining the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51, 56 (2007). An above-guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

As Sarmiento implicitly concedes, the district court was entitled to consider and place appropriate weight on his criminal history, which included not only his five previous unscored convictions for drug, theft, and assault offenses but also his eight prior illegal entries or reentries and three attempted illegal reentries. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *Smith*, 440 F.3d at 709. The district court was also entitled to conclude that a variance was warranted because Sarmiento's prior terms of incarceration and prior removals had no deterrent effect. *See* 18 U.S.C. § 3553(a)(2); *Brantley*, 537 F.3d at 350; *see also United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004).

Sarmiento fails to show that the district court did not account for a factor that warranted significant weight or that it gave undue weight to an improper factor. *See Smith*, 440 F.3d at 708. His assertion that the district court erred in balancing the factors by placing too much weight on his uncounted convictions and repetitive reentries is essentially a request to have this court reweigh the 18 U.S.C. § 3553(a) factors, which it may not do. *See*

*Gall*, 552 U.S. at 51; *see also United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015).  Sarmiento has likewise not shown that the extent of the variance was unreasonable as it is similar to or smaller than other variances affirmed by this court.  *See Brantley*, 537 F.3d at 348-50; *Lopez-Velasquez*, 526 F.3d at 805, 807; *Smith*, 440 F.3d at 706, 708-10.

Additionally, Sarmiento argues that because his indictment did not allege, nor did he admit, facts which would have triggered a statutorily enhanced sentence under 8 U.S.C. § 1326(b), his statutory maximum should have been two years.  He acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review.

Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  Thus, Sarmiento is correct that his argument is foreclosed.

The district court's judgment is AFFIRMED.