# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-60582
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

David Black,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CR-4-1

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges.*

Per Curiam:*

David Black appeals the sentence imposed following his guilty plea conviction for escape by a prisoner in custody of a federal institution. He argues that the sentence is procedurally unreasonable because the district court did not provide an adequate explanation for imposing it. He further asserts that his sentence is substantively unreasonable because the district

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court gave significant weight to an irrelevant or improper factor and made a clear error of judgment in balancing the sentencing factors. In addition, he contends the sentence was greater than necessary under 18 U.S.C. § 3553(a) and created an unwarranted sentencing disparity.

Because Black did not challenge the adequacy of the district court's reasons in the district court, we review for plain error only. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021). To establish plain error, a defendant must show the district court committed a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if the defendant makes this required showing, this court may exercise its discretion to correct the error only if the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

The district court thoroughly reviewed the PSR, the parties' arguments, and Black's allocution and provided extensive reasons for imposing the sentence, including Black's "ambitious criminal history," his numerous disciplinary infractions while incarcerated, and the § 3553(a) factors regarding his history and characteristics, the need to promote respect for the law, and the need to provide adequate deterrence. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Black has not shown plain error in the district court's explanation for imposing the sentence. *See id.*

Although Black argued that the district court made an error in weighing and balancing the sentencing factors, he has not identified any specific irrelevant or improper factor that the district court considered. *See Smith*, 440 F.3d at 708. The district court was entitled to consider and place appropriate weight on his extensive criminal history and numerous disciplinary infractions while in custody. *See* § 3553(a); *see also United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013). It was also entitled to

conclude that a variance was warranted because he was not deterred by his prior terms of incarceration. *See* § 3553(a)(2); *see also United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

Black is essentially disagreeing with the district court's weighing of the sentencing factors and asking this court to reweigh the § 3553(a) factors, which it may not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015). His disagreement with the district court's assessment of the factors and the sentence does not show that his sentence is substantively unreasonable. *See United States v. Gutierrez*, 635 F.3d 148, 154-55 (5th Cir. 2011). His argument that the sentence resulted in unwarranted sentencing disparities is not supported by a showing that similarly situated defendants who performed similar offenses received lesser sentences. *See United States v. Diehl*, 775 F.3d 714, 726 (5th Cir. 2015). Further, he has not shown that the extent of the variance was unreasonable as it is similar to or smaller than other variances affirmed by this court. *See Brantley*, 537 F.3d at 348-50; *see also Smith*, 440 F.3d at 706, 708-10.

AFFIRMED.