# United States Court of Appeals for the Fifth Circuit

No. 23-50754
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILSON EDIT MARTINEZ-SOSA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2232-1

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Wilson Edit Martinez-Sosa pleaded guilty to illegal reentry and was sentenced within the guidelines range to 57 months of imprisonment, followed by a three-year term of supervised release. On appeal, he challenges his sentence as substantively unreasonable and greater than necessary to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50754

Because Martinez-Sosa preserved his substantive-reasonableness challenge, our review is for an abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017). We presume that a within-guidelines sentence, like Martinez-Sosa's, is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013).

Although he acknowledges the presumption of reasonableness attached to his within-guidelines sentence, Martinez-Sosa makes no attempt to rebut that presumption by showing that the sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in the balancing of the sentencing factors. *See id.*; *see also United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Inasmuch as he complains that he should have received a low-end guidelines sentence because he offered a legitimate reason for returning to the United States, his argument amounts to a mere disagreement with the district court's balancing of the § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

In essence, Martinez-Sosa asks that we reweigh the § 3553(a) factors, which we may not do. *See Gall*, 552 U.S. at 51; *see also United States v. Rodriguez-Bernal*, 783 F.3d 1002, 1008 (5th Cir. 2015). His disagreement with the district court's assessment of the factors and the selected sentence does not show that his sentence is substantively unreasonable. *See United States v. Gutierrez*, 635 F.3d 148, 154-55 (5th Cir. 2011); *see also Hernandez*, 876 F.3d at 166-67.

AFFIRMED.